Bobby Dale BEESON, Appellant,

v.

The STATE of Texas, State.

No. 2–82–096–CR.

Court of Appeals of Texas,
Fort Worth.

May 18, 1983.

Bruce A. Martin, Iowa Park, for appellant.

Harold White, Dist. Atty., Barry L. Macha Asst. Dist. Atty., for State.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Bobby Dale Beeson, was convicted by a jury of murder and sentenced to life in the Texas Department of Corrections.

We affirm.

Beeson raises twelve grounds of error which will be set out as they are addressed. As he challenges the sufficiency of the evidence in ground of error twelve, a short rendition of the facts is in order.

Charles Ernest Foster was discovered lying dead on the floor of his home at 302 Ellis Street in Burkburnett, Texas on August 8, 1981. Burkburnett police officers observed a wound to the back of the head that was determined at autopsy to be a small caliber bullet wound. The body was found next to the bed with a sheet wrapped loosely around the legs. A key was found on the bed and seized by the police.

Beeson was arrested after inquiring at the police department about a key belonging to him. While in jail, Beeson told Donald Bradford, a fellow inmate, that he shot Charles Ernest Foster with a .22 caliber rifle. Beeson said that he did it so that Foster's wife, Dianna, could get the insurance money so that he, Dianna and Bradford could go to Arkansas.

Beeson challenges the sufficiency of the evidence in ground of error twelve because this is a circumstantial evidence case and the circumstances do not exclude every other reasonable hypothesis except that of the guilt of Beeson. In the light of Beeson's admission to Bradford, we find this ground is without merit and that the evidence is sufficient. Ground of error twelve is overruled.

Ground of error one asserts that the trial court should have and failed to conduct a hearing on Beeson's competency to stand trial. The only evidence in the record raising any question of Beeson's competency is the testimony of Assistant Police Chief Curtis Salyer. He testified regarding written statements given by Beeson while in police custody. While he was taking the statements, he suggested that Beeson might need professional help because his story changed two or three times during their interview.

When the evidence before the court raises a "bona fide doubt" concerning the defendant's competency, due process requires the trial judge on his own initiative to halt the trial and conduct a hearing. *Ex parte Long,* 564 S.W.2d 760 (Tex.Cr.App. 1978). Salyer's testimony *might* be said to raise a doubt as to Beeson's competency at the time of their interview. However, it does not raise a question of Beeson's competency at trial. There was nothing before the court to raise any doubt as to Beeson's competency at trial. Ground of error one is overruled.

Grounds of error two and three assert that the trial court should have granted a mistrial because the State failed to provide Beeson's attorneys with copies of written police reports containing exculpatory evidence. The State had been ordered to produce such reports which may be exculpatory. A conviction must be reversed if the prosecution actively suppresses evidence or negligently or inadvertently fails to disclose evidence which may exonerate the defendant. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Crutcher v. State,* 481 S.W.2d 113 (Tex.Cr.App.1972). In determining whether reversible error has occurred, we must look at three factors: "(1) the suppression of such evidence by the prosecution after a request by the defense, (2) the evidence's favorable character for the defense, and (3) the materiality of the evidence." *Crawford v. State,* 617 S.W.2d 925, 931 (Tex.Cr.App.1980), *cert. denied,* 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 431, *reh. denied,* 453 U.S. 923, 101 S.Ct. 3160, 69 L.Ed.2d 1005 (1981).

At trial, the reports of Officers Robert L. Davis, Curtis Salyer, Ermie Spruill and Tommy Ray Thornton were delivered to defense counsel after direct examination of these officers by the district attorney and were used for cross-examination of the officers. Beeson's complaint is that the reports of Officers Davis and Thornton contained exculpatory evidence and should have been given to the defense prior to trial pursuant to the court's discovery order.

We have examined the report of Officer Davis and find nothing that would tend to show Beeson did not commit the crime charged. Statements such as "Bobby Beeson appeared to be genuinely concerned for the children and watched them temporarily . . . ." are not material to the alleged murder of Charles Ernest Foster. The report of Officer Thornton does contain a

statement to the effect that the body was found with a three inch wide and one-half inch deep gash in the back of the head which would appear to be exculpatory as inconsistent with the prosecutor's theory of death as a result of a .22 caliber rifle. However, Thornton testified that this was a typographical error and the gash was one inch wide and one-half inch deep.

We find that this record does not reflect the suppression of any exculpatory evidence or evidence which might have exonerated Beeson. Even if we were to find that such evidence existed, we would nevertheless find the error not reversible in the light of Beeson's admission to Donald Bradford. *Hollowell v. State,* 571 S.W.2d 179 (Tex.Cr. App.1978). Grounds of error two and three are overruled.

Grounds of error four and five assert error in the testimony of Dr. John Byron Parker, the pathologist who performed the autopsy, on the grounds that his statement that he performed the autopsy on Charles Ernest Foster was based on hearsay and that he was not qualified as a ballistics expert.

■ The identity question arises because Dr. Parker testified that he learned the name of the deceased from an arm band with Charles Ernest Foster's name on it. However, Dr. Parker identified State's exhibits six and seven as photographs of the person he autopsied. Officer Thornton identified exhibit six as the body he saw at 302 Ellis on August 8, 1981, and Inez Foster, mother of Charles Ernest Foster, identified exhibit six as a photograph of her son. It is clear from this record that Dr. Parker performed the autopsy on Charles Ernest Foster.

■ Beeson's objection to Dr. Parker's ballistics expertise arises from Dr. Parker's testimony that the injuries causing death were due to a *small* caliber bullet. While a pathologist should not be permitted to testify as to the caliber of a bullet unless it is shown that he is a firearms expert, he should be permitted to make a general statement as to the approximate caliber of the bullet. *See Salazar v. State,* 137 Tex. Cr.R. 448, 131 S.W.2d 761 (Tex.Cr.App. 1939). Grounds of error four and five are overruled.

■ Ground of error six asserts that the State did not comply with the court's discovery order because photographs of the body taken at the autopsy and admitted into evidence were not given to the defense prior to trial. The discovery order at issue required the State to produce photographs "within their peculiar knowledge and possession; . . ."

We find no merit in this contention. Medical examiner's records are public and were available to Beeson prior to trial. *Whitfield v. State,* 492 S.W.2d 502 (Tex.Cr. App.1973). Furthermore, there is no showing that these photographs were known to the State prior to trial or that defense counsel could not have obtained them in his investigation of the case. *See Reeves v. State,* 566 S.W.2d 630 (Tex.Cr.App.1978); *Hollowell v. State, supra,* cited by Beeson, is distinguishable because the evidence withheld in that case could not have been obtained by the defendant by his own investigation. Ground of error six is overruled.

■ Ground of error seven asserts error in the admission of the testimony of Inez Foster because she was not identified as a witness prior to trial as per the discovery order.

The record reveals that Mrs. Foster's testimony consisted solely of an identification of her son, Charles Ernest Foster, as the body pictured in State's exhibits four and six. Furthermore, the district attorney, testified that he did not know that she would be a witness until the very afternoon that she testified because he did not realize the identity of the deceased would be a contested issue. We hold that the trial court did not abuse its discretion in allowing this testimony in the light of these circumstances. *Morales v. State,* 466 S.W.2d 293 (Tex.Cr.App.1971). Ground of error seven is overruled.

■ Ground of error eight asserts error in the admission of the testimony of Ann

Fincannon who testified about a conversation between Beeson and herself concerning his relationship with "Di or Dianne". We find the testimony admissible as admissions showing a prior relationship between the parties and tending to show a motive for the killing. V.T.C.A. Penal Code, § 19.06. *See Ruiz v. State,* 523 S.W.2d 691 (Tex.Cr. App.1975); *Russell v. State,* 598 S.W.2d 238 (Tex.Cr.App.1980). Ground of error eight is overruled.

■ Ground of error nine complains that the trial judge commented on the weight of the evidence by telling the jury that the trial would proceed to the presentation of Beeson's evidence because this told them that the State's evidence was sufficient to withstand a motion for instructed verdict of acquittal. We hold that such comment was not reasonably calculated to benefit the State or prejudice Beeson's rights. *Marks v. State,* 617 S.W.2d 250 (Tex.Cr.App.1981). Ground of error nine is overruled.

■ Grounds of error ten and eleven assert error in overruling Beeson's motions for mistrial and continuance because a witness for the State, Sylvia Terry, allegedly secreted material evidence consisting of a box of .22 caliber cartridges found at the house at 302 Ellis and that such evidence was newly discovered.

We find no evidence in this record that Sylvia Terry, by her own volition or upon the direction of any peace officer, knowingly hid the box of shells. Moreover, the fact that she was a State's witness does not show that she was an agent for the State of Texas. We also note that the granting of a motion for continuance is discretionary with the trial court and there is no showing of an abuse of discretion.

The judgment is affirmed.