**Lillian BARRETT, et al., Appellants,**

v.

**Carmen FLYNN, Defendant.**

**No. 51145.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 24, 1987.

Motion for Rehearing and/or Transfer
Denied March 25, 1987.

Application to Transfer Denied
May 19, 1987.

Allan G. Kimbrell, St. Louis, for appellants.

James J. Knappenberger, Clayton, for defendant.

KAROHL, Judge.

This is a § 473.340 RSMo 1978 discovery of assets proceeding brought in the Probate Estate of Peter Demme, Jr., (Demme, Jr.) to secure for the estate bank accounts and certificates of deposit which the personal representatives, Lillian Barrett and Catherine Digrispino, alleged were, or should have been, assets of the estate. Demme, Jr. died intestate at age 65 in January, 1979. Lillian Barrett and Catherine Digrispino are sisters of Demme, Jr. They allege Carmen Flynn, also a sister, has control and custody of the assets. Defendant is a surviving joint tenant on a savings account and certificates of deposits at Savings and Loan Associations. The total sum involved in the claim was $156,-285.69 when Demme, Jr. died. The joint accounts of Demme, Jr. and Carmen Flynn began in April, 1973. Personal representatives appeal verdict and judgment which rejected their claims to all of the joint accounts.

Demme, Jr. was survived by siblings including the personal representatives, defendant Carmen Flynn, Vincent "Jim" Demme, Rose Frazetta, Angela Bella and Dorothy Vacante. One brother, Joseph Demme, died in 1975. Demme, Sr. died in 1954. Thereafter, Lillian Demme, the mother of Demme, Jr. and his siblings, resided with defendant Carmen Flynn and Demme, Jr. Carmen married in 1966 and Demme, Jr. was forced by her, over his tearful objection, to live elsewhere. When Lillian Demme died defendant Carmen Flynn acquired substantially all of Lillian Demme's assets by reason of Lillian's will and joint tenancy. Vincent "Jim" Demme contested the will. The contest failed.

A proceeding to discover assets is a statutory proceeding. The nature and requirements for a petition are set forth in § 473.340 RSMo 1978. "The petition shall *describe the property*, if known, shall allege *the nature of the interest* of the petitioner and that *title or possession* of the property, or both, are being adversely withheld or claimed." (our emphasis) The proceeding is governed by the Missouri Rules of Civil Procedure. Any party may have a jury trial on request. The purpose of the proceeding is to determine the persons who have an interest in the property described, together with the nature and extent of any such interest.

Nearly all of the errors on appeal may be traced to serious defects in the petition which was in the following form:

### PETITION

Come now plaintiffs and for their cause of action state as follows:

1. Peter Demme, Jr., died intestate on January 20, 1979. Said decedent was survived by seven brothers and sisters.

2. Plaintiffs are the duly appointed joint executrixes of the estate of the said decedent.

3. Upon information and belief, the following assets now in control and custody of the defendant, are or should have been assets of the estate of said decedent:

a. Bank accounts, or the proceeds therefrom, which the decedent had an interest in during his lifetime.

b. Proceeds from a union death benefit.

c. Automobiles which the decedent owned an interest in during his lifetime.

d. Equitable interest in real estate.

e. Securities and/or bonds which the decedent owned an interest in during his lifetime.

f. Other unknown assets and property.

4. Upon information and belief, defendant is adversely holding and claiming a right to all of the above listed assets.

WHEREFORE, plaintiffs pray that this Court order and determine that all of said assets belong to the estate of said decedent and that defendant be required to deliver said assets to the estate and/or that a money judgment be entered against the defendant in the amount of the amount of the value of said assets with interest thereon; plaintiffs also pray for such additional reliefs as the Court may deem just in the premises.[1]

■ The obvious defects in the petition are that the personal representatives did not allege the nature of the interest they claim or the adverse title or possession of defendant Carmen Flynn or how she acquired title or possession. The petition does not inform Carmen Flynn or the court that the bank accounts mentioned in paragraph 3(a) are joint accounts and that the joint tenancy was the product of undue influence. The personal representatives attempted to try the issue of undue influence of defendant Carmen Flynn over Demme, Jr. This issue was not necessarily the basis of the claim under the petition. The issue was not tried by consent because at every stage of the proceedings timely objections based on relevancy were made on behalf of defendant. Defendant also objected to the verdict directing instruction submitting that issue. There was no debate that Demme, Jr. and defendant Carmen Flynn became joint tenants on savings and loan accounts approximately six years before his death. If the pleading had alleged Carmen Flynn held title as a surviving joint tenant and this title was the product of fraud or undue influence then § 369.174 RSMo 1978 would have been implicated. This statute provides, "[t]he opening or maintenance of the account in such form, in the absence of fraud or undue influence, shall be conclusive evidence in any action or proceeding to which either the association or any survivor [or the personal representative of a deceased owner] is a party of the intention of all the parties to the account to vest title to the account and the additions and earnings thereto in the survivor." In view of the mandate of § 369.174 and the pleading requirements of § 473.340 the personal representatives were obligated to plead undue influence if that was their theory. If pleaded, a successful plaintiff must prove fraud or undue influence by clear, cogent and convincing evidence. *Daniels v. Champion*, 592 S.W.2d 869 (Mo.App.1979).

■ We recognize the rule of law that strict rules of pleadings are ordinarily not required in a probate proceeding. *Estate of McCormack v. McCormack*, 676 S.W.2d 928, 930 (Mo.App.1984). The caveat of this rule is that the pleadings must give reasonable notice of the nature and extent of the

---

**1.** Petitioners at trial abandoned claims 3(b-f) of their petition.

claim. The present petition is inadequate under this standard. It is impossible from the petition to determine whether the personal representatives contend that the assets withheld by defendant were in the name of Demme, Jr. or had been held in joint names which resulted from defendant's acts of fraud or undue influence. Nor is it possible from the petition to determine whether issues of title or possession, or both, were to be tried.

In addition to the pleading problem there is the question of plaintiffs' burden of proof on the issue of undue influence which was neither pleaded nor tried by consent. Plaintiffs' brief assumes that the evidence met the required burden of proof of undue influence and does not deal with the issue. The claims of error which relate to rulings excluding evidence on matters other than acts of undue influence by defendant and on rulings relating to closing argument are of no consequence if plaintiffs failed to make a submissible case on the "assumed" issue of undue influence.

▇▇▇ Undisputed evidence including the testimony of defendant Carmen Flynn, supports a conclusion that she was managing Demme, Jr.'s property and making business and financial decisions for him *after* the joint accounts were established. Demme, Jr. seldom, if ever, managed his assets without the knowledge and consent of defendant Flynn *after* the joint accounts were established. However, there is no evidence that she had acted in a fiduciary capacity for Demme, Jr. before the accounts were established. There is no evidence whatsoever on the details of how and why the accounts were placed in joint names of Demme, Jr. and Carmen Flynn. Undue influence must consist of over-persuasion or coercion which substitutes the will of one person for the free will of the other. *Steller v. Steller*, 401 S.W.2d 473, 477 (Mo.1966). Mere suspicion of undue influence is not sufficient. Even where the existence of a confidential relationship is found there must be evidence of facts and circumstances tending to show undue influence before a presumption of undue influence arises. *Id.* at 478.

In the context of these rules of law we look to the facts. Demme, Jr. had only two years of formal education. Defendant Carmen Flynn was a high school graduate. He retired from his employment as an over-the-road truck driver in October, 1978, and died in January, 1979. Most or all of Demme, Jr.'s siblings were aware of the existence of the joint accounts for a number of years. From 1966 until January of 1979, Demme, Jr. lived separate and apart from defendant Flynn. This was at her request and over his objections. He associated regularly with all of his relatives. Defendant Carmen Flynn was present when Demme, Jr. changed the accounts. The circumstances of her presence are not developed in the record. Defendant Flynn is bound by her own evidence that she had a more dominant personality than Demme, Jr. Defendant also offered evidence that Demme, Jr. was a stubborn person, strong for himself and not weak. Defendant acknowledged that she tended to the personal needs of Demme, Jr., including washing his clothes and helping him out with other domestic chores. Carmen or her husband would go with Demme, Jr. when he purchased clothing and on occasion counseled him not to purchase things which he did not need. Significantly, none of the evidence or any inferences available from the evidence supports a finding that at the time the joint accounts were established they were the product of coercion or undue influence on the part of defendant Carmen Flynn.

▇▇▇ In review, the personal representatives did not plead that defendant Carmen Flynn was the surviving joint tenant of savings and loan accounts as a result of undue influence. If there was any evidence of undue influence it was admitted over objection on relevancy grounds. The evidence and inferences from the evidence relating to undue influence was insufficient to meet the burden of clear, cogent and convincing proof that the accounts, when created, were not under the direction of Demme, Jr. and free of undue influence of defendant. We review the claims of error on the basis of these findings.

Personal representatives attempted to prove Carmen Flynn's influence over Demme, Jr. by offering proof that defendant Flynn received substantially all of her mother's, Lillian Demme, property at the time of her mother's death. Defendant objected on all occasions to this evidence on relevancy grounds. The trial court consistently sustained the objections. Personal representatives offered to prove the nature and extent of Lillian Demme's estate, including a jointly owned house and jointly owned $25,000 bond; that Lillian Demme received social security checks which Carmen Flynn endorsed with an "X" for the purpose of cashing and using the money for herself; that Lillian Demme cried when Carmen Flynn married and caused Demme, Jr. to move out of the family home; that Lillian Demme had no mind of her own; and, that Carmen Flynn bought for Lillian Demme all that she had to wear and eat. Personal representatives claimed that this evidence would have proven that Carmen Flynn had used the device of joint accounts (the bond) and undue influence to obtain the assets of her mother. This, they argue, would have been evidence of undue influence of Carmen Flynn over Demme, Jr.

■ We find no error in the trial court ruling for several reasons. First, this evidence if admitted, would not meet the burden of proof of undue influence over Lillian Demme. Second, even if it was proof or tended to prove undue influence over Lillian Demme, there is no connecting proof that the same misconduct applied to Demme, Jr. whose character, actions and conduct are not those of his mother. Third, the issue of undue influence by Carmen Flynn over Demme, Jr. was not pleaded nor tried by express or implied consent. Rule 55.33(b); *Arnett v. Venters*, 673 S.W.2d 67, 72 (Mo.App.1984). In addition, personal representatives never requested leave to amend their petition.

■ Personal representatives also claim under their first point that they were entitled to present evidence on the circumstances of the disposition of their mother's assets to Carmen Flynn because Carmen

testified that they asked about Demme, Jr.'s assets at his funeral. This, they contend, placed them in a bad light before the jury as greedy and uncaring. We find no abuse of discretion because the trial court has large discretion in determining admissibility of evidence on a collateral matter. *Boehmer v. Boggiano*, 412 S.W.2d 103, 110 (Mo.1967). Carmen Flynn, as the first witness for the personal representatives, did accuse personal representatives of having an interest in learning details of Demme, Jr.'s assets at the funeral. Their contention is that they should have been permitted to present evidence of fraud or undue influence motivated by artifice or greed on the part of Carmen Flynn because she, as their witness, testified that they sought information about the estate of Peter Demme at his funeral. In addition to finding no abuse of discretion on this account we observe that the rejected testimony related to the personal representatives in their individual capacity and not as personal representatives. Point denied.

■ The second claim of error relates to an objection to questions on cross-examination of the husband of Rose Frazetta. Defendant Carmen Flynn gave Rose Frazetta $8,000 of Demme, Jr.'s assets. Before suit was filed, Nick Frazetta told Lillian Barrett he had favorable testimony for their side of the case. His testimony at trial was not unfavorable to defendant Carmen Flynn because he recalled statements of Demme, Jr. that both of the personal representatives pestered him and that he, Demme, Jr. wanted to leave his assets in joint tenancy with Carmen Flynn. The court did not permit cross-examination on the statement that the witness noted in favor of the personal representative. The interest and bias of a witness is always a relevant matter. *Houfburg v. Kansas City Stockyard Co.*, 283 S.W.2d 539, 548 (Mo.1955).

■ We find no prejudicial error under the circumstances. First, Carmen Flynn admitted and the jury knew from her testimony that she had distributed $8,000 to the witness' wife. Second, there is no evidence that the witness was aware of any evidence favorable to the personal representatives'

petition. Third, Demme, Jr. died intestate and his heirs at law were his surviving brothers and sisters. The wife of the witness would have received approximately $19,500, [⅛th of estate] less probate expenses, if the joint tenancy accounts were found to be the product of undue influence. She received $8,000 by gift from defendant Carmen Flynn. As a result, his testimony was adverse to his wife's financial interest which opposes any suggestion of interest or bias which was motivated by the gift.

█ Personal representatives' third point is that because Carmen Flynn testified that they appeared greedy and uncaring at the funeral and that she received a letter from their lawyer the day after the funeral they should have been permitted to overcome this testimony by offering in evidence a letter written by an attorney dated more than one month after the funeral. We find no error where the motives of the personal representatives were collateral to the issue of undue influence, particularly where the issue of undue influence was not proven. There could not therefore been any prejudice. This claim is supported by rules which permit cross-examination of an adverse witness or the testimony of a rebuttal witness to explain or refute unfavorable evidence. These rules are not in question on a matter at issue. We find that on a collateral matter personal representatives were bound by the testimony of their witness, Carmen Flynn. *Frechin v. Thornton*, 326 S.W.2d 122, 126 (Mo.1959).

█ Personal representatives claim error because the Court refused to permit excerpts from the deposition of Angelina Bella showing her receipt of $10,000 of Demme Jr.'s assets from defendant within three months of the death of Demme, Jr. The assertion of error is that the Court permitted defendant to read excerpts from the same deposition in her case to the effect that Demme, Jr. created the joint accounts of his own free will. This point again involves denial of evidence on matters of bias and prejudice. A court may properly limit the scope and extent of cross-examination on these matters, but it is not within the trial court's discretion to

prevent it entirely. *Thornton v. Vonallmon*, 456 S.W.2d 795, 798 (Mo.App.1970). Here again, the undisputed facts are that the witness, as an heir at law, would have received $19,500 if the joint tenancy accounts were cancelled. She received $10,000 from defendant. The prohibited excerpts from the deposition would not have proven bias or prejudice. Exclusion of the evidence was not prejudicial.

Personal representatives also claim that the court improperly sustained an objection during their closing argument. The objection was, "that's not the law." The argument was that a judgment for the personal representatives would require defendant Flynn to pay the proceeds from the joint accounts into the estate for distribution to the heirs at law under the intestate laws of succession. Personal representatives claim that this objection and ruling misled the jury into believing that if it found in favor of plaintiffs the assets of Demme, Jr. would be ordered paid to Lillian Barrett and Catherine Digrispino individually. We find no error.

█ The regulation of argument is a matter largely within the discretion of the trial court. *Bergel v. Kassebaum*, 577 S.W.2d 863, 872 (Mo.App.1978). Generally, argument by counsel concerning future disposition of a jury award is an improper instruction upon the law and should not be allowed. *Dunn v. St. Louis-San Francisco Ry. Co.*, 621 S.W.2d 245, 254 (Mo. banc 1981). Further, the argument was not supported by any evidence in the record and was not directed toward any finding of the jury. *Id.* Carmen Flynn argued that a judgment for plaintiffs would deprive her of property, the title to which was in her name. The rejected argument was not justified as a response. The direct response was to agree with the statement of Flynn, as true, but that should occur because she should be found not entitled to profit from her wrongdoing. The attempted indirect response invoked a comment on the law and was not supported by evidence.

█ The final claim of error relates to another objection to their closing argument. The Court sustained the objection and instructed the jury to disregard closing argument that defendant Carmen Flynn

had unduly influenced her mother to make a will solely in her favor. The claim is that this argument was proper as rebuttal and retaliation to defendant's argument that it was unreasonable to believe she used her influence over her brother to create joint accounts because Demme, Jr. could have accomplished the same result by a will in her favor. Plaintiffs' argument was directed toward a matter not proven by the evidence, undue influence by defendant Carmen Flynn over her mother's will. When arguments, not supported by evidence, are that of wrongdoing on the part of the opposing party not directed to the merits of the trial, they are particularly objectionable because they arouse hostility and prejudice in the minds of the jury and, "warp" the judgment. *Walsh v. Terminal R. Ass'n of St. Louis*, 182 S.W.2d 607, 612–613 (Mo. banc 1944). Irrelevant and unfounded accusations are not a proper form of response to arguments of opposing counsel. Further, a will contest involving the will of Lillian Demme failed.

The judgment is affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.