In re the Marriage of David E.
HOUSEMAN, Appellant,

v.

Beverly K. HOUSEMAN, Respondent.

No. 59321.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 30, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 5, 1991.

Application to Transfer Denied
Oct. 16, 1991.

Richard B. Dempsey, Daniel E. Leslie,
Washington, for appellant.

Mark S. Vincent, Union, for respondent.

GARY M. GAERTNER, Presiding Judge.

Husband, David Houseman, appeals from an order of the Circuit Court of Franklin County dissolving his twenty-seven year marriage to wife, Beverly Houseman. Husband attacks a ruling by the trial court that certain common stock shares held by wife are wife's separate property. We affirm.

Husband and wife were married on October 5, 1963. Over the course of the marriage, the parties acquired approximately 1342 shares of Wal–Mart common stock. On March 20, 1985, husband signed an affidavit releasing all his interest in this block of Wal–Mart common stock to wife.

On February 8, 1989, husband filed his petition for dissolution of marriage alleging the marriage was irretrievably broken with no reasonable likelihood the marriage could be preserved. A trial on husband's petition was held on August 31, 1990. At trial, husband alleged that the transfer of his interest in the Wal–Mart shares was conditioned upon wife's using the shares to finance the education of the parties' two children. Husband further alleged that, as the shares were not used for this purpose, the transfer of his interest in the shares was invalid. Wife denied there was any condition on the transfer of the shares, claiming the transfer was a gift. On November 8, 1990, the trial court issued findings of fact and conclusions of law dissolving the parties' marriage and distributing property. In its order, the trial court held,

*inter alia,* that the block of Wal–Mart common stock was wife's separate property. This appeal followed.

Husband's sole point on appeal is that the trial court erred in finding the Wal–Mart stock to be wife's separate property. We disagree.

■ In a bench-tried case, the trial court judgment will be overturned only if there is no substantive evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In its amended findings of fact and conclusions of law, the trial court found that appellant's claimed intent to give a conditional gift was refuted by the complete absence of any such language in the affidavit evidencing their agreement. The affidavit appellant signed was never submitted to this court, thus, we must accept the trial court's characterization of the document. *Rowe v. Norfolk & Western Ry. Co.,* 787 S.W.2d 751, 753–54 (Mo.App., E.D.1990). Since transfers between spouses are normally presumed to be gifts, any donation must be proven against that presumption. *Lewis v. Lewis,* 354 Mo. 415, 189 S.W.2d 557, 560 (1945). Since the writing is silent regarding conditions on the gift, it can hardly be said appellant has rebutted the gift presumption.

■ This alone would be sufficient grounds for affirming the trial court, but the learned trial judge went on at some length to question appellant's credibility as a witness:

> Based upon the testimony of Petitioner about his failing to report income to the Internal Revenue Service, Petitioner's first denying that he had any pension and/or retirement plan from his employment, the fact that Petitioner quit a lucrative job without reason, and the descrepency [sic] as to the total number of baseball cards Petitioner had at the time he moved out the marital residence, this court finds that it has grounds on which to question the credibility of Petitioner.

As trier of fact, the trial court is entitled to evaluate the credibility of witnesses, disregarding their testimony when it deems them lacking in credibility. *Clark County Sales Co., Inc. v. Hester,* 732 S.W.2d 569, 571 (Mo.App., E.D.1987).

Based on the evidence before us, we must affirm the judgment finding that respondent's Wal–Mart common stock is her separate property.

CRIST and AHRENS, JJ., concur.