Michael J. DELANEY, et al., Appellants,

v.

Alfred F. MEINERS, et al., Respondents.

No. WD 45558.

Missouri Court of Appeals,
Western District.

Dec. 8, 1992.

Alvin R. Lundgren, Rebbecca Overman, Independence, for appellants.

---

Edward Spalty, Donald Scott, Kansas City, for respondents.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

SPINDEN, Judge.

Michael J. Delaney and Martha J. Delaney appeal the trial court's disposition of their amended petition to discover assets belonging to the estate of their grandmother, Josephine Meiners. The trial court granted summary judgment in favor of two of the defendants and then dismissed the allegations against the remaining defendants.

The thrust of the Delaney's petition was an accusation that Alfred F. Meiners, their grandmother's step-son, used undue influence to persuade Josephine Meiners to grant him power of attorney. They charged Alfred Meiners with using the power of attorney to convert approximately $400,000 of Josephine Meiners' property to his and his wife's use. They averred that this deprived them, the only beneficiaries of her will, of inheriting the property.

On November 20, 1987, the probate court declared Josephine Meiners to be totally incapacitated because of her mental and physical disabilities and appointed the public administrator as guardian of her person and conservator of her estate. Josephine Meiners died on October 22, 1988. The probate court appointed Dorothy King to serve as personal representative of Josephine Meiners' estate on March 13, 1989.

On September 14, 1989, the Delaneys filed their first petition to discover the assets they claimed the Meinerses had converted. The Meinerses responded to the petition on October 19, 1989, with separate motions to dismiss. They contended that the petition failed to state a claim against them and did not join an indispensable party, the estate's personal representative, as required by § 473.340.4, RSMo 1986. The record indicates that the Delaneys did not respond to the motions.

On January 29, 1990, the trial court entered an order dismissing with prejudice the Delaneys' petition. The order stated,

"[T]he court finds and concludes that, based upon *Barrett v. Flynn*, 728 S.W.2d 288 (Mo.App.1987), plaintiffs' petition fails to state a cause of action against either defendant." The *Barrett* decision stated that a discovery of assets petition "must give reasonable notice of the nature and extent of the claim." *Id.* at 291–92.

On February 28, 1990, the Delaneys requested the court to amend its order of dismissal from a dismissal with prejudice to a dismissal without prejudice. The trial court granted the request on April 25, 1990, and permitted the Delaneys to file an amended petition on May 23, 1990.

The amended petition joined King as a defendant personally and as personal representative of Josephine Meiners' estate. The petition accused her of failing to protect the estate's assets, and it added details of the assets allegedly converted by the Meinerses to their own use.

On September 20, 1990, the Delaneys filed a second amended petition joining Shearson Lehman Brothers, Inc., as a defendant. That petition charged Shearson Lehman with not determining the validity of Alfred Meiners' power of attorney before executing sales of securities bearing Josephine Meiners' name as owner or joint owner.

On October 23, 1991, Shearson Lehman filed a motion for summary judgment contending that, because Josephine Meiners was disabled when she died, the Delaneys had to initiate their action against it within one year of Meiners' death pursuant to § 516.180, RSMo 1986. A week later, on October 30, 1991, King filed a motion for summary judgment asserting the same ground. On November 13, 1991, the trial court granted both motions. The court reasoned:

> Section 473.340.4 RSMo 1986 requires the joinder of the personal representative as a party.

> \*    \*    \*    \*    \*    \*

It is clear that in applying § 473.340, our appellate courts have held that the personal representative is an indispensable party. *In re Estate of Pilla*, 735

S.W.2d 103, 105 (Mo.App.1987); *Matter of Bloemker*, 766 S.W.2d 687, 688 (Mo. App.1989).

\* \* \* \* \* \*

Because of the statute of limitations defense [based on § 516.180], Dorothy King, the personal representative, cannot remain a party to this action.

The trial court further stated, "[B]ecause an indispensable party must be dismissed from the action and because of the limitations contained in § 516.180 cannot be rejoined, plaintiffs' second amended petition for discovery of assets must be dismissed with prejudice."

■ We affirm the trial court's judgments as correct, though for different reasons. If a trial court reaches a correct result of summary judgment, even for incorrect reasons, we must affirm. *American Family Mutual Insurance Company v. Lacy*, 825 S.W.2d 306 (Mo.App.1991).

■ We affirm because the trial court did not have jurisdiction to enter its order of April 25, 1990, granting the Delaneys leave to amend their petition. The trial court dismissed the Delaneys' petition with prejudice on January 29, 1990. Pursuant to Rule 81.05(a), that judgment became "final at the expiration of thirty days after the entry of such judgment, if no *timely* motion for a new trial is filed."[1] The rule further instructs that authorized after-trial motions are to be treated as motions for new trial for purposes of determining a judgment's finality. Rule 73.01(a)(3) provides that a motion for new trial in a judge-tried case must be filed "[n]ot later than 15 days after the entry of judgment[.]" Indeed, this court's Southern District applied the 15–day limit to a motion to amend a dissolution decree and ruled, "[I]f untimely they are nullities." *In re Marriage of Grigery*, 818 S.W.2d 738, 739 (Mo.App.1991).

■ Rules governing motions for new trial must be strictly enforced. *Bowman v. Burlington Northern, Inc.*, 645 S.W.2d 9 (Mo.App.1982). We conclude, therefore, that the Delaneys' motion to amend the trial court's order of dismissal was not timely. It was filed 30 days after the trial court entered its order dismissing their petition with prejudice. Because the Delaneys' motion was not timely, the trial court did not have jurisdiction when it entered its order on April 25, 1990, to amend the order of dismissal to a dismissal without prejudice. Hence, we affirm the trial court's judgments.

All concur.