In re the **ESTATE OF Rosemarie J. FOSTER, Deceased.**

No. 63909.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1994.

Robert F. Garzza, Briegel, Baylard, P.C., Union, for appellant.

Edward C. Cody, Michael H. Izsak, Klutho, Cody, Kilo, Flynn, Billingsley & Trame, P.C., St. Louis, for respondent.

PUDLOWSKI, Judge.

This is an appeal from an order of the probate court determining title to property in the estate of Rosemarie Foster (decedent) and an order removing appellant, A. Bryant Foster (appellant), as personal representative of his wife's estate. Respondent, Ernst Oltmann, father of the deceased and co-personal representative with appellant, filed an objection to the inventory submitted by appellant. Respondent claimed appellant failed to list decedent's one-third interest in ERB Investment Associates (ERB) and wrongfully commingled and claimed the asset for himself. Respondent also requested appellant be removed as the personal representative of the estate. The trial court determined the pleading was a petition to determine title to assets under § 473.340 RSMo 1986 and a petition for removal. The court then determined appellant made a gift of the partnership interest to decedent and found she owned the interest at her death. The court ordered appellant to pay decedent's interest to the estate and removed him as personal representative.

Appellant raises three points on appeal. First, he argues the court erred in ruling the pleading was a petition to determine title to assets because it did not comply with the pleading requirements of § 473.340 RSMo 1986. Next, he argues the evidence was insufficient to support the trial court's determination decedent owned a one-third interest in the ERB partnership because respondent failed to make a *prima facie* case that the decedent owned the property at her death and there was no evidence respondent intended to make a gift to decedent when he paid for her share of the partnership. Third, appellant claims the trial court erred in removing him as personal representative because there was insufficient evidence to warrant removal under § 473.140 RSMo 1986. We disagree with respondent on each point. The trial court's judgment is affirmed.

In 1980, appellant and decedent, husband and wife, along with respondent, decedent's father, formed ERB, a general partnership. Each partner contributed $25,000 at the onset of the venture. Decedent's and appellant's shares were paid from a joint tenants account with funds earned by appellant as a bonus. The decedent died on September 30, 1989, leaving a will appointing appellant personal representative of her estate. The residuary clause of the will provided for the unbequeathed assets of her estate to pour over into a trust which named respondent as trustee. The income was to be paid to appellant for life with the remainder to the couple's two children. Respondent petitioned the court to be named co-personal representative of his daughter's estate in order to fulfill his duties as trustee. The court granted his request.

Appellant filed an inventory and statement of account in January 1991 which respondent refused to sign. He did not file his own, instead, he filed this suit alleging appellant failed to inventory the decedent's one-third interest in ERB. Respondent also alleged appellant wrongfully commingled funds from the asset with his own personal funds. Respondent asked the court to order the inventory supplemented to account for the missing asset and further requested appellant be removed as personal representative.

The court found one-third of the ERB partnership was the property of decedent at the time of her death, ordered appellant to pay over decedent's interest to her estate and removed appellant as personal representative. This appeal followed.

In appellant's first point he argues respondent's petition did not comply with § 473.340 RSMo 1986 which sets out the pleading requirements for a petition to determine title to assets and, therefore, it did not give him notice. We disagree. First, we note the strict rules of pleadings applied to circuit court petitions do not apply in probate proceedings. *Barrett v. Flynn*, 728 S.W.2d 288, 291 (Mo.App.W.D.1987). A probate petition is sufficient if it gives reasonable notice of the nature and extent of the claim. *Id.* In this case, the pleadings gave appellant sufficient notice of the nature and extent of the claim.

Section 473.340(1) RSMo 1986 states in relevant part "a petition shall describe the property, if known, shall allege the nature of the interest of petitioner and allege that title

or possession of the property, or both, are being adversely withheld or claimed." In the case at bar, the petition described the property that was the subject of the petitioner's claim, a one-third interest in ERB. The petition designated respondent as the co-personal representative of the estate and, therefore, identified the nature of his interest in the property and alleged appellant adversely withheld or claimed the property by claiming it as his own and failing to list the asset in the inventory.

The caption on the petition read "Objections to inventory submitted by A. Bryant Foster" but we do not consider this fatal to the pleadings. There is nothing in the discovery of assets statute that requires a specific caption in order to state a cause of action under § 473.340 RSMo 1986. The issues in a discovery of assets proceeding are made up by the *pleadings* and the answers. *Matter of Stickler*, 551 S.W.2d 944, 951 (Mo.App.W.D.1977) (emphasis added). The pleadings, in their entirety, must give the opposing party notice of the nature and extent of the claim and respondent's petition met this requirement. Therefore, the trial court did not err in characterizing it as a petition to determine title to assets.

Appellant also argues in his first point the petition was deficient in giving him notice of a proceeding to determine title to assets and, therefore, he was not properly served with summons under the Missouri Rules of Civil Procedure as required in § 473.340 RSMo 1986. Because we have found the petition did comply with the pleading requirements of the statute, respondent's argument is rejected. He had notice. Appellant's point one is denied.

In point two, appellant argues the trial court erred in finding title to a one-third interest was decedent's property at death because respondent failed to make a *prima facie* case that decedent owned the property. Appellant further alleges error, in point two because there was no evidence to support the trial court's finding that he made a gift of the partnership interest to decedent. We disagree with both arguments.

■ The issue is whether appellant and decedent purchased an undivided two-thirds interest in ERB or two one-third interests as separate personal property. We first note the nature of a partnership interest is personal property. *See* § 458.260 RSMo 1986. In a proceeding to determine title to assets the petitioner must make a *prima facie* showing that the decedent owned the property in question at her death. *Matter of Estate of Mitchell*, 610 S.W.2d 681, 684 (Mo.App. E.D.1980). Respondent submitted a court decree and memorandum opinion from a prior trial that determined decedent was an equal partner in ERB. Respondent also testified he witnessed appellant admit in a previous trial that the decedent was a specifically named partner in ERB and that each partner contributed $25,000 to the venture. This evidence was sufficient to establish respondent's *prima facie* case that decedent owned the partnership interest as her separate personal property. Once a *prima facie* case is made, the burden of going forward with the evidence and the burden of proof shifts to the opposing party. *Id.* Appellant maintains he and decedent owned an undivided two-thirds interest in ERB as joint tenants with a right of survivorship. The burden was on him to prove his assertion. To prove a joint tenancy with right of survivorship the four unities must exist, unity of time, interest, possession and title. *Poetz v. Klamberg*, 781 S.W.2d 253, 255 (Mo.App.E.D. 1989). In support of his claim, the appellant testified. No other evidence was adduced by appellant to corroborate he and his wife owned a single interest as joint tenants with right of survivorship. The trial court was free to disbelieve appellant's testimony and this court defers to the trial court's judgment where the credibility of witnesses is in issue. Rule 73.01. Respondent's evidence made a prima facie case that each individually named partner took title to a one-third interest in ERB and appellant failed to prove title was taken otherwise. The trial court's determination that decedent was title owner of a one-third interest in the partnership was not against the weight of the evidence. Therefore, we uphold the trial court's finding.

■ Appellant also objects to the court's determination he made a gift to his wife of the $25,000 interest in ERB because there

was no evidence to support the finding. When a spouse pays the consideration and causes a transfer to be made to the other spouse, there is a presumption that he intended the transfer to be a gift. *See Lewis v. Lewis,* 354 Mo. 415, 189 S.W.2d 557, 560 (1945) (*cited with approval in Houseman v. Houseman,* 815 S.W.2d 87, 88 (Mo.App.W.D. 1991)). In this case, appellant paid the consideration for personal property that the court found to be titled in decedent's name. The trial court did not need evidence of a gift because the presumption applies. Appellant offered nothing to rebut the presumption and consequently the trial court did not err. Appellant's point two is denied.

Appellant's final point on appeal concerns his removal as personal representative of the estate. Appellant argues the trial court did not have sufficient reason to remove him under § 473.140 RSMo 1986. We disagree.

 The court enumerated three reasons for removing appellant as personal representative. Each reason, standing alone, is sufficient to warrant removal. The court found there was a conflict of interest between appellant's personal interests and fiduciary duties to the estate because appellant was ordered to pay the estate for the partnership asset he withheld. Conflicts of interest between the personal interests and fiduciary duties of a personal representative are grounds for removal. *Stickler,* 551 S.W.2d at 949. Failure to discharge the official duties of a personal representative is grounds for removal. § 473.140. The court cited two instances where appellant failed to discharge his official duties. It found a lack of accounting in the estate because the inventory did not contain the ERB share. Accurate accounting of decedent's property in the inventory is a duty of the personal representative. § 473.233 RSMo 1986. The court also found appellant caused delay in the settlement of the estate because he had postponed a number of proceedings. A personal representative has an affirmative duty not to cause delay in the settlement of the estate. § 473.-540(3) RSMo 1986. Each of the reasons the court cited was sufficient to warrant the removal of the personal representative under

§ 473.140. Point three is denied and the judgment is affirmed.

SIMON, P.J., and KAROHL, J., concur.