Opinion Issued December 11, 2008









Opinion Issued
December 11, 2008

 

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00266-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOHN ROBERT RANDOLPH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 19th District Court

McLennan County, Texas

Trial Court Cause No. 2007-1228-C1

 








 

 

 

 



MEMORANDUM OPINION

A jury convicted
appellant, John Robert Randolph, of felony assault family violence.  Randolph having previously been convicted of misdemeanor family violence assault, the
trial court assessed punishment at 20 years’ confinement.  See Tex
Penal Code Ann. § 22.01(b)(2) (Vernon 2003 & Supp. 2008).  In his
first issue, Randolph contends that, during his voir dire  instructions to the
jury, the trial judge violated Randolph’s due process right to a presumption of
innocence, by stating that a defendant is presumed innocent until proven
guilty rather than unless he is proven guilty.  In his second issue, Randolph contends that the trial court violated statutory provisions regarding the jury
charge by orally explaining to the jury about requests to have the trial
transcript read to them during deliberations, even though the charge, as
written, contained no such explanation.  He contends that this explanation
constitutes reversible error because it was not in writing, it commented on the
weight of the evidence, defense counsel did not have the opportunity to object
to it, and it caused him some harm.  We conclude that the trial court did not
err and therefore affirm.  

Background

           On June 17, 2007, at
approximately 10:20 p.m., Waco Police Department Officer J. Finch responded to
a call to an apartment complex in Waco.  When he arrived at the apartment
complex, Officer Finch encountered the complainant, Martha Faulkner, in Apartment 102, holding a blood-soaked towel to her forehead.  Faulkner told Officer Finch
that her boyfriend, John Randolph, who was then next door in Apartment 101, caused the injury to her head during an altercation.  Officer Finch and
Officer M. Bucher went to Apartment 101 to arrest Randolph for aggravated
assault. 

Officer Finch testified
that Officer R. Smith went around to the rear of the apartment in case Randolph tried to escape.  Randolph opened the door after Officer Finch knocked for several
minutes, but refused to get on the ground as ordered, used profane language to
express his hostility toward the officers’ presence, and tried to close the
door.  Officer Bucher grabbed Randolph’s arm, forced him to the ground, and
handcuffed him.  Officer Finch testified that, after the officers told Randolph he was under arrest for aggravated assault, Randolph denied hitting Faulkner.  Randolph reported that he had pushed Faulkner when she burned his forearm with a cigarette,
after which she fell down and hurt her head.  The officers examined Randolph’s forearms but found no burn mark or injury. 

          According to Faulkner, she
and Randolph had been living together a little over a month when the assault
occurred.  She recounted that the argument with Randolph stemmed from her
discovery of a crack pipe in the apartment a few days earlier and her plans to
leave the apartment that evening to visit her father.  Faulkner testified that Randolph followed her around the apartment saying things like, “you’re not going to go
anywhere.”  At some point, Randolph stated “if you’re going to leave, you might
as well get up and leave now,” then grabbed Faulkner’s arm and threw her
against the entryway doorframe, causing the laceration to her forehead.  Faulkner
attempted to call the police, but Randolph disconnected the phone.  Faulkner
escaped the apartment and went next door to her neighbor’s apartment to call
the police. 

Randolph testified in his own defense that he
had been asleep when Faulkner came into his room at about 10:00 p.m. and asked
him to “do some drugs with her.”  When Randolph refused, Faulkner burned him
with a cigarette causing an ash to fall onto the bed.  Randolph grabbed
Faulkner, who was sitting on the bed, pulled her to a standing position, and
brushed away the burning ash.  According to Randolph, Faulkner then got down on
her hands and knees and said, “I came in here so I could start an argument with
you and have you put in jail,” then hit her own head against the closet door
frame and said, “you see this . . . you’re going to jail,” and left the
apartment.  A short while later, Officer Smith questioned Randolph and placed
him under arrest for assaulting Faulkner.

 

Analysis

Trial Court’s Instructions During
Voir Dire

In his first issue,
Randolph alleges that the trial court, the during voir dire of the jury,
violated his due process right to a presumption of innocence by stating that
the defendant is presumed innocent until proven guilty rather than unless
he is proven guilty.  During voir dire, the trial court instructed, 

First of all, this defendant as he sits
here today, as would any defendant sitting here in any courtroom, is presumed
innocent until proven guilty. The fact that he’s presumed innocent does not
mean he has to be innocent in fact, but you have to presume him to be innocent
until he’s proven guilty . . . . As I was saying, the defendant in this case or
in any other criminal case is presumed innocent until proven guilty. . . . 
[R]ight now you have to be willing to follow the law and presume this defendant
innocent until proven otherwise.

 

Randolph asserts that the trial court’s instruction that the
defendant is presumed innocent until proven guilty rather than unless
he is proven guilty is contrary to the written jury instructions and the
applicable statute.  See Tex.
Code Crim. Proc. Ann. art. 38.02 (Vernon Supp. 2008); Tex. Penal Code Ann. § 2.01 (Vernon
2003).  Additionally, Randolph alleges that the use of the word “until”
suggested to the jury that the judge anticipated that the State would be able
to prove its case, and the judge was thereby expressing an opinion about the
merits of the case. 

A trial judge
must maintain an attitude of impartiality throughout the trial.  Lagrone v.
State, 209 S.W. 411, 415 (Tex. Crim. App. 1919).   Article 38.05 of the
Code of Criminal Procedure provides that the trial court shall refrain from
commenting on the weight of the evidence in the jury’s presence during any
stage of the proceeding. Tex. Code Crim.
Proc. Ann. art. 38.05 (Vernon 1979).   To constitute a reversible
violation of Article 38.05, the comment of the
judge must be such that it is reasonably calculated to benefit the State or
prejudice the defendant’s rights. Davis v. State, 651
S.W.2d 787, 789 (Tex. Crim. App. 1983); Marks
v. State, 617 S.W.2d 250, 252
(Tex. Crim. App. 1981); see also Beeson v. State,
651 S.W.2d 944, 948 (Tex. App.—Fort Worth 1983, no pet.) (holding that trial
court’s comment to the jury that trial would proceed to presentation of
defendant’s evidence did not convey to jury that State’s evidence was
sufficient and was not reversible error).

To preserve a
complaint for appellate review, however, a defendant must make a timely,
specific objection in the trial court.  See Tex. R. App. P. 33.1(a); Rhoades v. State, 934
S.W.2d 113, 119 (Tex. Crim. App. 1996).  We address unpreserved error only if
the error affects a defendant’s fundamental rights.  Brumit v. State,
206 S.W.3d 639, 644 (Tex. Crim. App. 2006); Marin v. State, 851 S.W.2d
275, 278–79 (Tex. Crim. App. 1993) (holding that a principle characteristic of
fundamental rights is that they cannot be forfeited, they are not extinguished
by inaction alone, and if a defendant wishes to relinquish them, he must do so
expressly), overruled on other grounds, Cain v. State, 947 S.W.2d
262, 264 (Tex. Crim. App. 1997).  Generally, the right to be free from a trial
court’s comment on the weight of the evidence is the type of right that may be
forfeited by the defendant, not a fundamental right.  See Havard v. State,
800 S.W.2d 195, 211 (Tex. Crim. App. 1989); Peavey v. State, 248 S.W.3d
455, 470 (Tex. App.—Austin 2008, pet. ref’d); Hajjar v. State 176 S.W.3d
554, 559 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).  Accordingly, a
party’s failure to timely object waives all error unless the statement is so
prejudicial that no instruction could have cured the harm.  Green v. State, 682
S.W.2d 271, 295 (Tex. Crim. App. 1984); Peavey,
248 S.W.3d at 470; Davis v. State, 177 S.W.3d 355, 363 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  Here, defense counsel made no timely
objection to the trial court’s use of “until” rather than “unless,” so we
review this issue for fundamental error only. 

The Texas
Penal Code expressly provides that “[a]ll persons are presumed to be innocent
and no person may be convicted of an offense unless each element of the
offense is proved beyond a reasonable doubt.”  Tex. Penal Code Ann. § 2.01 (emphasis added).  The Texas Court of Criminal Appeals, however, has not
drawn a distinction between “unless” and “until” when those terms are used in
connection with the presumption of innocence.  In Walters v. State, the
Court observed, “an alibi is sufficiently embraced in a general charge to the
jury that the defendant is presumed innocent until he or she is proved
guilty beyond a reasonable doubt.”  Walters v. State, 247 S.W.3d 204,
210 (Tex. Crim. App. 2007) (emphasis added) (quoting Giesberg v. State,
984 S.W.2d 245, 250 (Tex. Crim. App. 1998)); see also Hill v. State, 955
S.W.2d 96, 100 (Tex. Crim. App. 1997) (“an accused is presumed innocent until
proven guilty.”)  Similarly, in Mays v. State, the trial court did not
err in overruling the appellant’s challenge of a venireman for cause, given
that the venireman indicated that he was aware that the rule of law required
him to “presume appellant innocent until proven guilty.” Mays
v. State, 726 S.W.2d 937, 951 (Tex. Crim. App. 1986) (emphasis added).  This
Court, as well, has articulated the standard of proof as innocent until
proven guilty.  See Wiseman v. State, 223 S.W.3d 45, 50 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d) (citing Deck v. Missouri, 544 U.S. 622, 630, 125 S. Ct. 2007, 2013 (2005)) (holding that visibly shackling defendant violates his
presumption that he is innocent until proven guilty); Wynn v. State, 219
S.W.3d 54, 59 (Tex. App.—Houston [1st Dist.] 2006, ­­no pet.).  Here, nothing
in the record indicates that the venire meaningfully distinguished “unless” from
“until” in the context in which the trial court used it during voir dire such
that the use of “until” negatively affected Randolph’s presumption of
innocence.  Accordingly, we hold that the trial court’s statement that Randolph was innocent until proven guilty is not fundamental error.

Trial
Court’s Instructions During Jury Charge

In his second issue,
Randolph contends that the trial court erred in orally instructing the jury on
the process by which it could request to have testimony read back during
deliberations because this instruction was not included in the written charge, it
commented on the weight of the evidence, and defense counsel did not have the
opportunity to object to it.  Randolph points to the following statement by the
trial court:

If you disagree about the evidence, the
presiding juror may apply to the Court and have the court reporter’s record
read to the jury. 

Ladies and gentlemen, let me pause there
for a moment and tell you about this asking for testimony from the court
reporter.  The only time that I’m allowed to do that is if you have a specific
disagreement about a piece of testimony.  If one of you believe (sic) you heard
a witness say one thing and some of you believe you heard something opposite,
if you point out that specific disagreement and let me know what it is and who
it is, then we can try to give the court reporter’s notes to you regarding that
specific disagreement.  We will not be able to reproduce the testimony to you
of, say, one of the police officers who testified.  If you send out a note
asking to review his testimony, that is not permitted and we will not be able
to do that.  I can only send anything from the court reporter if you have a
specific disagreement, you tell me what that disagreement is about the
testimony, and then we can try to clear that up for you.

 

          The Code of Criminal
Procedure instructs that the jury charge must be in writing, must not comment
on the weight of the evidence, and counsel must have the opportunity to make
distinct objections to it in order to preserve error.  Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 2007).  Randolph contends that the trial court
breached Article 36.14 because part of the charge was not in writing, and
counsel did not have an opportunity to object to it, and Article 36.16 because
the court did not give counsel reasonable time to examine the charge because
this part was added orally.

          Randolph’s contention
regarding the oral instruction is without merit because this instruction is not
a part of the formal charge to the jury.  The trial court simply offered an explanation
to the jury on when it might request to have testimony read to it.  Randolph offers no argument that the explanation contradicts the written charge
instructions, nor does he support his contention that the instruction was a
comment on the evidence.  Nor does Randolph contend that the instruction was an
incorrect statement of the law regarding the reading back of testimony. 
Rather, the trial court’s explanation was a matter of trial management within
its sound discretion.  See Howell v. State, 175 S.W.3d 786, 790–91 (Tex.
Crim. App. 2005) (discussing requirements for reading portions of testimony
during deliberations, and noting that decision to do so is within trial court’s
sound discretion.)  We hold that the trial court did not abuse its
discretion in offering such an instruction.

 

Conclusion

          We hold that the trial court did not err
in its instruction to the jury on the presumption of innocence during voir
dire, and the trial court did not abuse its discretion in instructing the jury
on the procedure for requesting testimony during deliberations. We therefore
affirm the judgment.

 

 

 

                                                                   Jane Bland

                                                                   Justice

 

Panel consists of and Justices Hanks,
Bland and Wilson.[1]  

Do not publish.  Tex. R. App. P. 47.4.

 

 









[1] The Hon. Davie L. Wilson, retired Justice, First
Court of Appeals, participating by assignment.