In the Matter of the ESTATE of Roy KUNZLER, Deceased.

Claim of Albert KUNZLER.

No. KCD 27820.

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

Kay & Quigley, Eldon, for appellant.

Carson, Monaco, Coil & Riley, Michael P. Riley, William C. Lane, Jefferson City, for Anna Kunzler.

Woolsey & Yarger, David A. Yarger, Versailles, for the Estate.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

Albert Kunzler filed a claim in the estate of his father, Roy Kunzler, deceased, in the probate court. The probate court allowed the claim in full, but on appeal to the circuit court, the motion of the estate for a directed verdict at the close of the claimant's evidence was sustained. Albert Kunzler appeals.

Albert contends (1) the court erred in sustaining the motion to dismiss because his evidence made submissible case; (2) the court erred in striking the evidence of two of Albert's value witnesses; and (3) the court erred in refusing to allow Albert to testify concerning his agreement with his father after the estate cross examined Albert so as to waive the Dead Man's statute. § 491.010, RSMo 1969. Reversed and remanded.

The claim filed by Albert in the probate court stated:

"There is due him from the estate of Roy Kunzler deceased, the sum of $10,000 on account of services performed for decedent in consideration for decedent's promise to compensate claimant in decedent's will or give claimant a share of the estate."

The evidence in circuit court revealed Albert was married in 1942. He and his bride planned to seek employment and establish their own home, but yielded to the entreat-

ies of Roy to stay on Roy's farm and help him because of his bad health. Roy promised Albert that if Albert would stay, Roy would see that he was well paid at the end. Albert and his wife lived in the Kunzler home with Roy and Albert's mother. Albert and his wife lived there for five years during which time Albert devoted his entire time and efforts to the operation and management of Roy's farm. During all of this time the evidence was that Albert was not paid anything for work performed on Roy's farm, but when Albert used Roy's equipment to do custom work for others, he was paid $1.00 per day. Payments for this custom work to Albert averaged from $100 to $150 per year from 1942 to 1965. In about 1947, Albert and his wife purchased a nearby eighty-acre farm from Roy and moved to a house located on that farm. Albert paid Roy the full purchase price for this acreage.

After Albert moved he continued to devote from one-half to two-thirds of his time to the operation of Roy's farm without any compensation for a period of about ten years. After that period of time, and until about three years prior to Roy's death in 1968, Albert devoted about one-fourth to one-half of his time to Roy's farm.

In about 1950, Roy made a deed conveying a forty-acre tract to Albert, but requested the deed not be recorded. Roy later asked for the return of the deed, and Albert returned it. There was evidence Roy told the attorney who prepared the deed it was made in payment to Albert for all of the work he had done. Roy likewise executed a bill of sale to his farm equipment to Albert and delivered it to him. He likewise requested the return of this bill of sale and it was returned. In 1964 or 1965, Roy had a falling out with Albert and another son, Vernon. As a result, Albert was left a total of $10.00 in Roy's will.

Albert produced two witnesses who attempted to testify as to the reasonable value of the work Albert had performed for Roy. On objection the court excluded such testimony.

At the close of Albert's evidence the court sustained a motion for a directed verdict which recited "that upon the facts and the law Albert Kunzler is not entitled to the relief prayed for."

In determining the sufficiency of the evidence to make a submissible case which will withstand a motion for a directed verdict, the plaintiff's evidence must be considered as true, and the plaintiff must be given the benefits of every inference which can reasonably be drawn. *Kopp v. Traders Gate City Nat. Bank*, 357 Mo. 659, 210 S.W.2d 49, 50[1, 2] (banc 1948).

From the recital of the evidence produced by Albert, it is apparent a submissible case was made. In a family relationship case there is a presumption that services were rendered gratuitously. Albert's evidence of an agreement and mutual understanding that he was to be paid was sufficient to overcome the presumption. *Kopp v. Traders, supra.* However, the estate does not base its claim to a directed verdict upon the fact Albert failed to produce evidence to overcome the presumption of gratuitous service and in fact concedes the existence of evidence which met the burden.

The estate contends Albert's claim was cast in language showing a reliance upon an express agreement and Albert is precluded at this stage from electing to proceed under the theory of quantum meruit as he attempted to do at trial. Further, the estate contends when a family relationship exists, express contract is the sole basis for recovery.

The estate founds its initial contention upon *Whitworth v. Monahan's Estate*, 111 S.W.2d 931 (Mo.App.1938). *Whitworth* held the claim filed in that case was founded upon an express agreement and for that reason the claimant was not allowed to proceed on a theory of quantum meruit when the appeal reached the circuit court. However, *Whitworth* recognized a claimant had a right to sue for the reasonable value of his services in quantum meruit. The question in this case becomes one of whether or not the claim filed by Albert relied upon an express contract in such certain terms that Albert is precluded on his appeal

in the circuit court from electing to proceed under the theory of quantum meruit.

In considering a claim closely akin to the claim filed in *Whitworth,* the court in *In Re Hukreda's Estate,* 172 S.W.2d 824 (Mo.1943) held the claimant had not made a binding election under an express contract under the rule in *Whitworth.* The court there stated:

> "If 'it is impossible to say with definiteness whether the plaintiff is counting upon an express contract or upon quantum meruit, he will be permitted to recover upon whichever of the two theories his evidence may warrant.'" *In Re Hukreda's Estate,* 172 S.W.2d 826 [4, 5].

In both *Whitworth* and *Hukreda* the claim was based upon an allegation the decedent had promised to leave the claimant a specified percentage of the estate. It will be noted the claim filed by Albert did not specify a definite share of the estate or sum to be paid, but simply stated Roy had promised to compensate him in his will or to give him a share of his estate. A reasonable interpretation of Albert's claim shows the allegation of a rendition of services, a promise to pay, and a breach of that promise. As stated in *In Re Hukreda's Estate*:

> "The claim, therefore, contains an allegation of promise, consideration, indebtedness, performance by the claimant, a demand, breach and a claim for damages or allegations from which it could only be inferred that the services were not gratuitously rendered or had been paid for and those are the essential averments or prerequisites to stating a cause of action in assumpsit." 172 S.W.2d 826.

It cannot be said with definiteness that Albert's claim was based upon an express contract and in that circumstance he should be permitted to proceed in assumpsit or quantum meruit as allowed in *Hukreda.*

■ The estate's second contention alleges recovery is barred under the theory of quantum meruit when a family relationship exists. The estate relies upon language found in *Farris v. Faris' Estate,* 212 S.W.2d 71 (Mo.App.1948). In that case the court stated:

> "Mere proof of the rendition of the services is not sufficient. And, when such relationship exists, recovery can only be had under an express contract, as the law will imply none." 212 S.W.2d 75 [6–7]

The relationship mentioned referred to a claim involving family members. However, the court should not be understood to say that in a family relationship a claim must be based upon an express agreement to the exclusion of the right to recover under quantum meruit. The court was rather speaking of the fact the law will not imply a promise to pay when a family relationship exists as it will in other cases.

The right to recover under quantum meruit in a family relationship case is recognized in *Kopp v. Traders Gate City Nat. Bank, supra,* at 210 S.W.2d 62[6–7]. The *Farris* case cannot be said to hold to the contrary. For the reasons stated, Albert made a submissible case and the court erred in sustaining the motion for a directed verdict.

■ Because this case will be remanded for a new trial there are other matters which will arise and which must be discussed. The first of these relates to the exclusion by the court of the evidence adduced by Albert through two witnesses as to the reasonable value of the work Albert performed for his father. This was excluded on the basis Albert was proceeding upon an express contract and was, therefore, barred from proceeding under quantum meruit. That theory has been rejected. However, it should be noted that opinion evidence as to value of the work performed is not necessary because the jury is held to know the value of work of a common nature in the community. *Ashley v. Williams,* 365 Mo. 286, 281 S.W.2d 875 (1955). However, Albert may still present evidence of the reasonable value if he so desires. *Nesbit v. Shisler,* 175 Mo.App. 565, 158 S.W. 419, 420 (1913).

■ Another matter which will reoccur concerns the exclusion by the court of the proffered testimony of Albert concerning his agreement with his father. This testi-

mony was offered after Albert had been cross examined by the estate. Albert's theory of admissibility was that the Dead Man's statute had been waived when the estate cross examined him on matters covered in his claim. An examination of the cross examination of Albert shows counsel did examine Albert concerning the amount his father had paid him for the work Albert claimed to have done and also inquired as to what work Albert had performed for his father. These matters were not touched upon in direct examination. In this circumstance the protection of the Dead Man's statute was waived by the cross examination. Albert is now free to testify fully as to all of the transactions between him and his father involved in this claim without the intervention of the Dead Man's statute. *Hegger v. Kausler*, 303 S.W.2d 81, 88[1, 2] (Mo.1957).

The estate further contends the evidence showed Albert had been fully paid by the delivery of the deed to the farm and the bill of sale to the farm machinery. Ordinarily payment is an affirmative defense which is required to be pleaded. Rule 55.08. Since this case originated in the probate court, the formality of pleadings required in circuit court did not apply. However, as stated by Shangler, J., in *Cooper v. Jensen*, 448 S.W.2d 308, 311[1–3] (Mo.App.1969): "The executor may, nonetheless, 'interpose any defenses whatsoever that may exist against any demand' and undertake to prove them." Hence, any evidence which may be produced by the estate to show payment would be admissible and should be submitted to the jury under proper instructions. This rule would apply unless the court should order that Rule 55 be applied to this case under the provisions of Rule 41.01(b).

The judgment is reversed and remanded.

All concur.