John **DUNCAN** and Edna Duncan, Claimants–Appellants,

v.

**ESTATE OF Dorothy J. BOOKER,** Deceased, Defendant–Respondent.

**No. 16982.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 8, 1991.

Jay V. White, Rolla, for claimants-appellants.

Gary L. Smith, Lebanon, for defendant-respondent.

FLANIGAN, Chief Judge.

John Duncan and Edna Duncan, claimants in the Probate Division of the Circuit Court of Laclede County, appeal from the disallowance of their *amended* claim which was filed against the estate of Dorothy J. Booker, deceased. Claimants contend that the trial court erred: (1) in denying their "oral motion to make a record" with respect to the proceedings on the amended claim "so that all issues ruled upon by the trial judge can be preserved for appellate review"; and (2) in failing to allow the amended claim "in that the personal representative failed to raise any objections or defenses to the claim within the 20–day period after the personal representative was served with notice of the hearing on the claim." For the reasons which follow, this court holds that the amended claim was properly disallowed because it was barred by § 516.120,[1] as asserted by the estate's motion to dismiss and as appeared on the face of the amended claim, and that this appeal has no merit.

The following is a chronology of significant events:

May 11, 1989 — Dorothy J. Booker died.

May 23, 1989 — Letters of administration issued.

May 24, 1989 — Date of first publication of notice of issuance of letters of administration.

July 18, 1989 — Original claim filed by John Duncan and Edna Duncan, based on unpaid promissory note dated March 16, 1984, purportedly signed by Dorothy J. Booker and her husband Albert Booker (who predeceased her). The note was payable to "John and Edna Duncan" in the principal amount of $21,051.01, and called for annual interest of 10 percent payable monthly from date. A copy of the note was attached to the claim. The claim sought $32,-278.31 as the "balance justly due."

March 30, 1990 — A hearing was held on the original claim. No evidence was introduced but a transcript was made of the statements of counsel for both sides and the court. Claimants were granted leave to file an amended claim. The court sustained claimants' motion "to order a special assignment specifically directing that the practice and procedure applicable for circuit judges shall apply in this cause."

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

April 2, 1990 — Amended claim filed. This claim sought $33,841.66, "on account of a debt due for non-payment of a loan made on November 30, 1981."

In addition to its formal portions, the amended claim included the following:

"An itemized statement showing debts and amounts is as follows:
11–30–81—Original loan from John Duncan and Edna Duncan to Albert E. Booker and Dorothy Booker—$35,000.00 (to bear interest at the rate of 10% per annum).
7–12–82—Payment on loan to John Duncan and Edna Duncan by Dorothy Booker .................. $20,000.00
1982—An additional payment on loan by Albert E. Booker and Dorothy Booker ..................... $1,510.27
1983—Additional payment on loan by Albert E. Booker and Dorothy Booker ......................... $600.00
4–16–84—Balance due on this date .............. $21,051.01
3–30–90—Balance due on this date (including accrued interest) is ............................. $33,841.66."

April 5, 1990 — Hearing on amended claim set for May 18, 1990, and notice sent to "designated interested persons."

May 15, 1990 — Estate filed "Motion to strike or dismiss the amended claim." The motion contained four grounds, one of which was that the amended claim was "filed past the statute of limitations as set out in § 516.120 and no tolling provision has been plead." The motion was accompanied by written suggestions.

May 18, 1990 — Trial court sustained estate's motion to dismiss amended claim, and the amended claim was dismissed.

May 24, 1990 — Claimants filed notice of appeal.

---

Section 473.380 reads, in pertinent part:

"1. No claim other than for costs and expenses of administration shall constitute a claim against an estate unless it is in writing, stating the nature and amount thereof, if ascertainable, and is signed by the claimant, or by some person for him who has knowledge of the facts, stating that to the best of his knowledge and belief he has given credit to the estate for all payments and offsets to which it is entitled and that the balance claimed is justly due.

2. If a claim is founded on a written instrument, the original or a copy thereof with all endorsements shall be attached to the claim. The original instrument shall be exhibited to the personal representative, upon demand, unless it is lost or destroyed, in which case its loss or destruction shall be stated in the claim."

With regard to § 473.380, our supreme court has said:

" 'Clearly the Legislature intended to make it easy for persons not learned in the law to present their demands against estates in the probate court and on appeal in the circuit court without being held to technical formalities and rules. Our courts have steadfastly refused to narrow the construction or restrict the application of the statutes cited.'

A demand filed in probate court is not to be judged by the strict rules of pleading applied to a petition in the circuit court, and it is sufficient if it gives reasonable notice to the legal representative of the estate of the nature and extent of the claim and is sufficiently specific so that a judgment thereon will be res judicata of the obligation on which it is based."

*Jensen v. Estate of McCall*, 426 S.W.2d 52, 55[1, 2] (Mo.1968).

*Jensen* did not involve a situation where the probate court had entered a proper order requiring the application of Rule 55.

Rule 55 deals with pleadings and motions. Rule 41.01(b) reads, in pertinent part:

"(b) Civil actions originating ... in the probate division of the circuit court but which are pending in the ... Court of Appeals ... shall be governed by Rules 41 through 101, except that Rule 55 shall not apply unless the court orders the application of Rule 55, or specified portions of it, and a copy of such order is served upon each of the parties or their attorneys. Such order shall specify the provisions of Rule 55 which shall be complied with and the time for compliance."

The brief of claimants Duncan makes no mention of Rule 55, nor does it mention the fact that at the hearing on March 30, 1990, the trial court sustained the peculiarly worded motion of claimants. It is arguable that the motion sought application of Rule 55, since it is difficult to see what other purpose might have prompted the motion. This is so because, generally speaking, the other rules of civil procedure apply in actions originating in the probate division. § 472.141.1.

Other than sustaining the claimants' peculiar motion, the trial court entered no order making mention of Rule 55 or any portion of it, nor did it comply with those provisions of Rule 41.01(b) and § 472.141.2 pertaining to the contents of such an order.

Whether or not Rule 55 was properly invoked, this appeal fails. Assuming, arguendo, but not deciding, that the trial court and the parties, with respect to the amended claim, were operating under the provisions of Rule 55, Rule 55.33(c) contains provisions dealing with the relation back of amendments, and Rule 55.28 deals with evidence on motions.

Section 473.407 provides that the personal representative "may assert the same offsets and other defenses against any suit or other proceeding instituted against the estate of his testator or intestate which he might have made in his lifetime."

Section 516.110, the so-called "ten-year statute of limitation," in conjunction with § 516.100, provides that the following type action must be commenced within ten years after the cause of action shall have accrued: "An action upon any writing, whether sealed or unsealed, for the payment of money or property."

■ Section 516.120, the so-called "five-year statute of limitations," applies, in pertinent part, to "All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in Section 516.-110...."

The amended claim makes no mention of any writing, and no writing was attached to it. See § 473.380.2, supra, requiring such attachment where a claim is founded on a written instrument. The amended claim makes no statement that any writing has been lost or destroyed. Thus, the statute of limitations with respect to the amended claim was § 516.120. The estate did not challenge the timeliness of the original claim on the basis of § 516.120 because the original claim was based upon a promissory note. Such challenge was made, however, to the amended claim by the estate's motion filed on May 15, 1990.

■ Since the most recent payment mentioned in the amended claim was made in "1983," even if the amended claim had been filed on July 18, 1989, when the original claim was filed, it was barred by § 516.-120. It is, therefore, unnecessary to determine whether the amended claim relates back to July 18, 1989.

■ " 'Motions are not specifically authorized by the probate code. However, to raise objections appearing on the face of the record and in other instances, motions are appropriate.' Maus, Missouri Practice, Probate Law and Practice, Vol. 3 § 512, p. 514." *Cole v. Estate of Armstrong*, 707 S.W.2d 459, 461 (Mo.App.1986).

■ In the probate division, in the absence of an order invoking Rule 55, the defense of the statute of limitations may be asserted without pleading it. *McCandlish v. Estate of Timberlake*, 497 S.W.2d 191, 196 (Mo.App.1973); *Broz v. Broz*, 132 S.W.2d 1039, 1041[2] (Mo.App.1939). In actions governed by Rule 55, the statute of limitations is an affirmative defense, Rule

55.08, but even in such actions the defense may be raised by a motion to dismiss where it appears on the face of the petition that plaintiff's cause of action is barred by the applicable statute of limitations. *Bruun v. Katz Drug Co.*, 359 Mo. 334, 221 S.W.2d 717, 719[7] (1949); *Carr v. Anding*, 793 S.W.2d 148, 149[3] (Mo.App.1990); *Zero Mfg. Co. v. Husch*, 743 S.W.2d 439, 441[1] (Mo.App.1987).

In actions governed by Rule 55, motions may be heard by a judge in chambers "without the attendance of the clerk or other court officials." Rule 55.29. The hearing on a motion does not require the presence of a court reporter.

Section 472.140 reads, in pertinent part:

"1. A record shall be kept in any adversary probate proceeding in a probate division of the circuit court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices.

2. 'Adversary probate proceeding' as used in this section and in section 472.141 means any proceeding brought pursuant to any provision of chapters 472, 473, 474, and 475, RSMo, which requires, as a condition precedent to an entry of an order or judgment on the merits, notice of hearing to persons interested in the proceeding."

The amended claim was an adversary probate proceeding within the meaning of § 472.140. *Estate of Sanders*, 719 S.W.2d 947, 951 (Mo.App.1986).

In an adversary probate proceeding, "the judge on his motion, or on the request of an interested person, may direct the keeping of a record of any hearing in a probate proceeding. The judge in his discretion may require the party requesting the record to give security for the payment of the costs thereof and may assess the costs of making the record against any party to the proceedings." § 472.140.3.

Claimants' first point is that the trial court erred in denying their oral motion to make a record with respect to the proceedings on the amended claim. No such "oral motion to make a record" is shown by the docket sheet, which is included in the record.

In their brief, claimants state: "On May 18, 1990, the case was called up and heard in chambers. Attorney Jay White made an oral motion to make a record of the proceeding which was denied. The court then dismissed the claim. The judge refused to make an official record of her rulings or the objections thereto."

As authority for the foregoing statements, the brief cites page 87 of the legal file. That page contains only a proposed form of judgment which was not signed by the trial court and which was submitted by the claimants to the trial court on June 4, 1990, some two and one-half weeks after the ruling on the estate's motion to dismiss.

There is nothing in the record to show that claimants, at any time prior to the trial court's ruling on the motion to dismiss, requested permission to offer evidence in opposition to the motion. On oral argument in this court, there was a dispute between counsel on whether such a timely request was made. The record makes no mention of an oral request made at any time by either side. Nothing in this opinion should be construed to mean that this court assumes that a timely request was made and was denied.

Claimants' reliance on *Johnston v. Johnston*, 573 S.W.2d 406, 411[3] (Mo.App.1978) is not justified. There the court said, with respect to the record in a dissolution action, "The making of such a record, *if requested*, is not a matter for judicial discretion and the denial of a request to record proceedings because it would waste the reporter's time constitutes an abuse of discretion." (Emphasis added.)

In *Volvo Finance North America v. Raja*, 754 S.W.2d 955, 957 (Mo.App.1988), the court said, "Parties cannot acquiesce, by silence or otherwise, to an informal handling of a matter at trial without a record and then seek on appeal to have the appellate court determine the sufficiency of the evidence when nothing was preserved for

review." In that case there was no request that a record of the proceedings be made. The court of appeals suggested certain steps to be taken by the party making the oral request where the trial court, improperly, refuses to let the record show the fact the oral request was made. Another possible step, in that rare and improper situation, would be to file a motion for new trial containing a renewal of the request and setting forth the nature of the evidence to be adduced.

"No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." Rule 84.13(b).

■ In their argument, claimants Duncan make no mention of any evidence they would have adduced at the motion hearing of May 15, 1990. If they had evidence which would serve to counter the defense of the five-year statute of limitations, it was incumbent upon them to produce that evidence. They make no mention of the existence of such evidence in their argument in support of their first point. In short, they make no claim of what a record of the May 15 proceeding would have shown if one had been made. Claimants' first point has no merit.

■ Claimants' second point is that the trial court should have allowed the amended claim because the estate failed to raise any objection to that claim within 20 days after the personal representative was served with notice of the hearing on the claim. They base this contention on language contained in the notice of hearing which the clerk mailed to the personal representative on April 5, 1990. The notice informed the personal representative that the hearing on the claim was set for May 18, 1990. The notice also said: "You have 20 days after receipt of this notice to file any objection, offset or counterclaim which you may have against said claim. If this office does not receive an answer or objection within 20 days, the claim will be allowed on the hearing date."

Section 473.413, a part of the Probate Code, reads:

"Each court may provide by rule for the time and notice of hearing and disposition of claims filed therein or may set any individual claim or claims for hearing irrespective of rule. Except when ordered by the court for cause or upon agreement of the parties the time for hearing of any claim shall not be fixed at any time before the expiration of twenty days after notice thereof has been served on the personal representative."

In the ordinary civil action, the summons notifies the defendant of the time within which he is required to appear and defend as provided by law, and that, "in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the petition." Rule 54.02.

Even in ordinary civil actions in circuit court, "[u]ntil plaintiff moves for an interlocutory default judgment, a defendant is free to appear and file an answer." *Great Western Trading v. Mercantile Trust Co.*, 661 S.W.2d 40, 44[7, 8] (Mo.App.1983).

Claimants concede that they find no Missouri authority supporting their second point, and also concede that ordinarily the personal representative has no duty to file a responsive pleading to a claim. See *Estate of Sanders, supra,* 719 S.W.2d at 951[2]; *Lenhardt's Estate v. Lenhardt,* 322 S.W.2d 170, 173 (Mo.App.1959). In probate proceedings in which there has been no valid order invoking the operation of Rule 55, "the formal strictures of pleading do not apply," *McCandlish v. Estate of Timberlake, supra,* 497 S.W.2d at 196, and "the defense of limitations may be invoked before that tribunal without such an express allegation." *Id.*

The trial court knew, by reason of the proceedings of March 30, 1990, that the claim of the Duncans was being actively contested by the estate. Although the printed form, sent by the clerk on April 5, 1990, contained the 20–day language quoted above, the same notice set the hearing on the amended claim for May 18, 1990, several days past the 20–day deadline. During that interval, claimants made no request for an allowance of the claim.

Claimants filed no motion for a default judgment, nor did they make any objection to the filing of the estate's motion to dismiss the amended claim. The trial court was justified in ruling on the estate's motion to dismiss the amended claim, and that ruling was proper. Claimants' second point has no merit.

The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.