In re the ESTATE OF Princess Irene BUSH.

Vernell E. FULLER, Personal Representative of the Estate of Barker Bush, Respondent,

v.

Barbara TERRELL, Personal Representative, Appellant.

No. 66199.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 5, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1995.

Application to Transfer Denied Nov. 21, 1995.

---

William James O'Herin, Florissant, for appellant.

Ira M. Young, St. Louis, for respondent.

RHODES, Judge.

Appellant, Barbara Terrell, the personal representative of the estate of Princess Irene Bush, appeals from the probate court's judgment of $100,548 in favor of claimant, Barker Bush, brother-in-law of the decedent. Appellant asserts two points of error. First, she contends the court erred in granting quantum meruit relief to claimant. Second, Appellant argues that the court erred by not allowing Appellant to cross-examine claimant concerning the value of the services rendered. We affirm.

Barker Bush came to St. Louis in late 1988 at the request of his brother, Will Bush. Will asked Barker to care for his wife, Irene, while Will was in the hospital. Barker stayed in his brother and sister-in-law's home caring for Irene during the three weeks Will was in the hospital. Irene had been confined to a wheelchair for the past seventeen or eighteen years and suffered from seizures. Barker provided round-the-clock care of Irene.

After Will's release from the hospital, he was unable to resume care of Irene. In order to provide full time care for Will and Irene on a permanent basis, Barker hired someone to look after his farm in Mississippi, and thereafter lived with Will and Irene in St. Louis. Barker's duties in caring for his brother and sister-in-law included buying the groceries, feeding them, paying the bills, and taking them to the doctor. Beginning in September of 1989, Barker Bush was assisted during the day by Dorothy Sudduth, a certified nurse assistant. With the exception of the approximately 40 hours per week that Dorothy Sudduth worked, Barker was the primary care provider. All of the couple's expenses were paid by him out of their combined $1,500 a month social security checks. Included in those expenses was the $100 per week paid to Dorothy Sudduth. Barker was paid nothing for his services. Will and Irene told Barker that if he would care for them he would have everything when they died. The exact meaning of "everything" was never clear.

Will died March 18, 1990. Thereafter, Barker, fulfilling a promise made to his brother, remained in the home to care for Irene and to avoid having to place her in a nursing home. After Will's death, Irene's social security check was not sufficient to pay all of her bills. Barker was sometimes forced to use some of his own money to pay the bills. Barker eventually asked Irene how he would be compensated for his services. Irene told Barker to "get somebody to fix the papers." She continued to express her intent to leave Barker everything. Although Barker held Irene's durable power of attorney, he did not withdraw any money from her bank accounts. Irene died March 21, 1992. Neither Will nor Irene left a will.

Barker timely filed a claim for compensation of his services to the decedent with the probate court. The claim itself recited the

agreements between the parties, listed the services he performed, and asked for a judgment for the value of the entire estate. Barbara Terrell, grand-niece of the decedent and personal representative of the estate, declined to pay the claim from the assets of the estate which were inventoried at $208,630.35

After a hearing, the probate court held that the claim presented sufficient averments which, if proved, would entitle claimant to proceed on either an express oral contract theory or a quantum meruit theory of recovery. The personal representative had not requested the claimant to make an election of remedies at the hearing. The court specifically found "that it was impossible to say with definiteness" whether the claimant was pursuing a quantum meruit theory or an express oral contract theory. The court stated that an action on the express oral contract could not be maintained because the damages could not be measured, citing *Reighley v. Fabricius' Estate*, 332 S.W.2d 76 (Mo.App. 1960). The court found that the claimant rendered valuable services to the decedent, the decedent accepted those services, and claimant was not compensated. No issue on the value of the services provided has been raised. The only issue before us is whether the theory of recovery of quantum meruit was available after the hearing based upon claimant's pleadings. Claimant was awarded $100,548 in quantum meruit relief. This amount was arrived at by multiplying the total number of hours claimant spent caring for the decedent by six dollars an hour.

■ We review this case under the principals set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. Banc 1976). We are to sustain the judgment of the probate court unless (1) there is no substantial evidence to support it, (2) it is against the weight of the evidence, (3) it erroneously declares the law, or (4) it erroneously applies the law. *Matter of Robinson*, 791 S.W.2d 844, 848 (Mo.App. 1990).

■ Appellant's first point of error maintains that the probate court erred in entering a judgment based on quantum meruit. Appellant maintains that because the claim was based on an express oral agreement to give claimant the entire estate, no quantum meruit relief may be granted. In support, Appellant relies on *Whitworth v. Monahan's Estate*, 111 S.W.2d 931 (Mo.App.1938). In *Whitworth*, the sister-in-law to the decedent claimed the entire estate based on an agreement that she would receive it in exchange for housekeeping and nursing duties. The claim was disallowed as it was expressly based on an oral contract to leave the estate to the claimant, and therefore, the claimant could not introduce evidence of the value of the services in an effort to receive quantum meruit relief. However, the court in *Whitworth* stated, "if the plaintiff's statement is merely general ... so that it is impossible to say with definiteness whether the plaintiff is counting upon an express contract or upon quantum meruit, he will be permitted to recover upon whichever of the two theories his evidence may warrant." *Id.* at 933.

■ The fact that a claim alleges a promise to pay for the services does not prevent a claimant from recovering under quantum meruit. *Reighley v. Fabricius' Estate*, 332 S.W.2d 76, 85 (Mo.App.1960). The law implies a promise to pay the reasonable value after proof that the services were requested and actually rendered with the expectation of compensation. *Muench v. South Side National Bank*, 251 S.W.2d 1, 4 (Mo. 1952).

In two other cases quantum meruit awards have been sustained based on similar facts. The Missouri Supreme Court addressed the issue in *In re Hukreda's Estate*, 172 S.W.2d 824 (Mo.1943). In that case, claimant tried to enforce a promise from decedent to leave her one-third of the estate if she would take care of the decedent. The claimant did detail the services performed in the claim and stated that the services were worth one-third of the estate. The estate argued, relying on *Whitworth*, that the claim presented a specific cause of action for damages based on breach of contract, and, therefore, the claim was not enforceable in quantum meruit. The Supreme Court affirmed the judgment and found that claimant should be entitled to recover the value of her services in assumpsit as her claim contained allegations, if proved, sufficient for such recovery. *Id.* at 826.

The Western District reached the same result on similar facts in *Estate of Kunzler*, 548 S.W.2d 212 (Mo.App.1977). In that case a son filed a claim against his father's estate, claiming his father promised to reimburse him for his services. The estate contended that the son's claim was phrased in language showing a reliance on an express agreement, and, therefore, the son should be precluded from electing to proceed under quantum meruit. The claimant, however, was permitted to proceed in quantum meruit as it could not be determined with definiteness if the claim was based upon an express contract. *Id.* at 215.

 In the present case, the probate court found that it was impossible to say with definiteness whether claimant was relying upon an express promise or upon quantum meruit. We find that no error of law appears and that there is substantial evidence to support the probate court's determination that claimant should be permitted to proceed in quantum meruit. Irene and Will Bush asked Barker to move to St. Louis and care for them. In reliance, Barker hired someone to take care of his farm, moved to St. Louis, and devoted over three years of his life to their care. There was sufficient evidence that the services were not gratuitous, and were rendered based upon a promise that Barker would be compensated through the estate. Although claimant asked for $190,-000 or the entire estate, he testified that he felt the value of his services was greater than the value of the estate. Under *Hukreda* and *Estate of Kunzler*, claimant should be allowed to proceed under either theory. Point one is denied.

In the second point on appeal, Appellant argues that the case should be reversed and remanded because she was denied the opportunity to cross-examine claimant concerning the value of services rendered. This point is without merit. The nature of the cross-examination by Appellant that was prohibited by the court did not pertain to the value of services rendered. Furthermore, the record shows that at a point earlier in the hearing Appellant did ask claimant, on cross-examination, whether he had an opinion as to the value of the services rendered. Claimant said he had no opinion, but on redirect, claimant testified that he thought the value of the services rendered was greater than $190,000. Appellant's second point is denied.

The judgment is affirmed.

SMITH, P.J., and GARY M. GAERTNER, J., concur.