**In the Matter of Paul R. HOFFMANN, Deceased.**

**Sybil June Hoffmann, Claimant, Appellant,**

v.

**Estate of Paul Hoffmann, Deceased, Paul D. Hoffman, Personal Representative, Respondents.**

**No. ED 76476.**

Missouri Court of Appeals, Eastern District, Division Three.

May 16, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 5, 2000.

Application for Transfer Denied Aug. 29, 2000.

---

Irl B. Baris, Jon M. Baris, St. Louis, for appellant.

Richards Shinners, St. Louis, for respondents.

CLIFFORD H. AHRENS, Judge.

Sybil June Hoffmann ("Appellant") appeals the decision of the Circuit Court of St. Louis County Probate Division overruling her objection to Paul D. Hoffmann's ("Personal Representative") statement of account and proposed distribution of Paul R. Hoffmann's ("Decedent") estate. Appellant asserts she did not become a creditor of the estate until more than eighteen months after decedent's death and therefore the limitations period for creditor's claims was inapplicable. Appellant also asserts she should not have been required

to file an action for an accounting of decedent's estate as personal representative failed to comply with his fiduciary duty and was already aware of all the information he would have obtained in an accounting. We affirm.

Decedent died testate on April 4, 1997. Two months later, personal representative filed a petition for probate of decedent's will and for letters testamentary. On August 12, 1997, personal representative filed an inventory and appraisement for decedent's estate. The inventory and appraisement valued decedent's total probate property at $16,596.55.

Appellant, decedent's former wife, filed an itemized statement of claim against decedent's estate on October 2, 1997. Appellant contended decedent owed her $5,625.00 in past due maintenance and $42,838.25 from money decedent had borrowed on a $200,000 life insurance policy on his life payable to appellant. On April 22, 1998, while her claim against the estate was pending, appellant filed with the personal representative a demand to file an action for accounting. Filed pursuant to section 461.300 RSMo (Supp.1999)[1], the demand referred to appellant as a "creditor" of decedent's estate and requested that personal representative file an accounting to recover property subject to satisfaction of decedent's debts. The personal representative never filed an accounting, and appellant never filed an action for accounting.

On March 11, 1999, the probate court issued an order allowing the claim of appellant against decedent's estate in the total sum of $40,540.58 plus interest. About one month later, personal representative filed a statement of account which calculated the net balance in decedent's estate to be $16,582.81. As appellant's claim received priority, the statement of account provided appellant would receive the balance of the estate.

On May 12, 1999, appellant filed objections to the statement of account and proposed distribution. Appellant argued nonprobate assets existed and personal representative should have secured such nonprobate assets so all claims against the estate could have been paid in full. Appellant also contended that because personal representative had received nonprobate assets from decedent, he had a conflict of interest that should have precluded him from serving as personal representative. The probate court overruled the motion, and this appeal follows.

We review this case under the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976). *In re Estate of Bush*, 908 S.W.2d 809, 811 (Mo.App.1995). We are to sustain the judgment of the probate court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ Appellant's first point on appeal asserts the trial court erred in overruling her objections to the personal representative's statement of account and proposed distribution because appellant should have been permitted to bring certain nonprobate assets into decedent's estate to allow her claim against decedent to be paid in full. Appellant contends section 461.300, which permits a creditor to bring an action for accounting within eighteen months of decedent's death, is inapplicable because she did not become a creditor until her claim was "allowed" against the estate.

A duty of the personal representative is to make and return an inventory and appraisement of all the property of the decedent, including exempt property, which comes to the personal representative's possession or knowledge, and all other property possessed by decedent at the time of his death. Section 473.233.1; *In re Estate of Foster*, 878 S.W.2d 896, 899 (Mo.App.1994). The personal representative shall file a statement of account which shall include a

1. All citations will be to RSMo (Supp.1999) unless otherwise noted.

complete accounting of all receipts and disbursements of the *probate* assets and a schedule of the proposed distribution of *probate* assets. ⁻Section 473.840.2 RSMo (1994) (emphasis added). Nonprobate transfers are not to be considered testamentary. Section 461.009.

However, when the probate assets are insufficient to cover all claims against the estate, creditors have been given certain rights. Beneficiaries who receive nonprobate transfers of a decedent's property shall be liable to account to the personal representative for a pro rata share of the value of all such property received to the extent necessary to discharge claims remaining unpaid after application of the decedent's estate. Section 461.300.1. The obligation of a beneficiary of a nonprobate transfer may be enforced by an action for accounting commenced within eighteen months following the decedent's death by a creditor of the decedent's estate. Section 461.300.2. No action for such an accounting shall be commenced unless the personal representative has received a written demand by, *inter alia*, a creditor. *Id.*

Appellant argues she did not become a creditor until March 11, 1999, when her claim against decedent's estate was "allowed" by the court. Concomitantly, she could not have been expected to file an action for an accounting within eighteen months following decedent's death as required by section 461.300.2. Therefore, she asserts she should now be permitted to bring nonprobate assets into the estate. We disagree.

■ To determine whether appellant was a creditor for purposes of section 461.300, and therefore required to file an action for an accounting within eighteen months of decedent's death, we must look to the definition of the word "creditor." Chapter 461 does not provide a definition of the term creditor. Absent statutory definition, words used in statutes are given their plain and ordinary meaning with help, as needed, from the dictionary. *American Healthcare Management, Inc.*

*v. Director of Revenue,* 984 S.W.2d 496, 498 (Mo.1999). The ordinary and usual meaning of a word is derived from the dictionary. *Spradlin v. City of Fulton,* 982 S.W.2d 255, 262 (Mo.1998). Black's Law Dictionary defines a creditor as "[a] person to whom a debt is owing by another person who is the 'debtor'." BLACK'S LAW DICTIONARY 368 (6ᵗʰ ed.1990). Webster's dictionary defines creditor as "one to whom a debt is owed; *esp*: a person to whom money or goods are due." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 305 (9ᵗʰ ed.1991).

■ Appellant's claim against the estate was for unpaid maintenance and money decedent had borrowed on an insurance policy payable to appellant. Past due support payments owed by a former husband to the former wife constitute a debt in favor of the wife. *Hanff v. Hanff,* 987 S.W.2d 352, 356 (Mo.App.1999). Moreover, a person cannot unilaterally accomplish a property distribution modification by encumbering the cash value of an insurance policy awarded to his former wife before turning it over to her. *LoPiccolo v. LoPiccolo,* 581 S.W.2d 421, 425 (Mo.App. 1979). As such, both the unpaid maintenance and the insurance proceeds became due either at or before decedent's death. Appellant was a creditor at the time of decedent's death, when the insurance proceeds became due and the unpaid maintenance remained due, not when her claim against the estate was "allowed" by the probate court on March 11, 1999.

Appellant was entitled to request that decedent's nonprobate assets be brought into decedent's estate to permit her claims to be paid in full. However, the statutory remedy to bring these assets into the estate is contained in section 461.300, which requires filing an action for accounting within eighteen months of decedent's death. She did not file such an action, and the trial court did not erroneously declare or apply the law in denying appellant relief. Point denied.

In her second point on appeal, appellant argues she was not required to file an action for an accounting because personal representative did not comply with his fiduciary duty, had a conflict of interest as he had received nonprobate assets, and was already aware of the information which he would have obtained in an accounting. Consequently, personal representative should have taken steps to bring nonprobate assets into the estate, pursuant to section 473.840, and satisfy the claims of decedent's creditors.

Section 473.840 does not require a personal representative to bring nonprobate assets into an estate. Section 461.300 provides the procedure for utilizing nonprobate assets to account for decedent's debts. It provides that beneficiaries of nonprobate transfers shall be liable to the extent of decedent's contribution to the value of such nonprobate asset for claims remaining unpaid after application of decedent's estate. Section 461.300.1. The obligation of a beneficiary of a nonprobate transfer may be enforced by an action for accounting commenced by decedent's personal representative, a creditor of the estate, or decedent's surviving spouse or one acting for an unmarried minor child of the decedent. Section 461.300.2. Such action must be commenced within eighteen months following decedent's death. *Id.*

Appellant cites no authority for her arguments that if a personal representative personally receives nonprobate assets from the estate or is already aware of the information he would have obtained in an accounting, a creditor is not required to file an action for an accounting if she desires to subject nonprobate assets to decedent's debts. There is nothing in the statute that indicates such exceptions exist. In the absence of any supporting law, we decline to carve an exception out of the dictates of section 461.300.

If appellant wanted decedent's nonprobate assets to satisfy his debt, she should have filed an action for accounting under section 461.300. Neither she nor anyone else filed such an action either inside or outside the eighteen months following decedent's death. As a result, the trial court did not err in refusing to compel the beneficiaries of decedent's nonprobate assets to account for a proportion of their property to satisfy decedent's debts. Point denied.

The judgment is affirmed.

RICHARD B. TEITELMAN, P.J., concurs.

LAWRENCE E. MOONEY, J., concurs.