Harold KRUTZ, et al., Appellants,

v.

Steven Van METER, An Individual and as Personal Representative, et al., Respondents.

No. WD 71360.

Missouri Court of Appeals, Western District.

May 4, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 2010.

Richard W. Martin, Jr., Olathe, KS, for Appellants.

Gretchen M. Gold, Kansas City, MO, for Respondent.

Before THOMAS H. NEWTON, C.J., JAMES EDWARD WELSH, and GARY D. WITT, JJ.

JAMES EDWARD WELSH, Judge.

Harold Krutz and Michael Krutz ("the Krutzes") appeal the circuit court's judgment dismissing their action for an ac-

counting against Steven Van Meter, individually and in his capacity as personal representative for decedent Walter Mulvania, and against Mulvania's heirs.[1] The circuit court dismissed the action on the basis that it was barred by the statute of limitations. We affirm.

■ When the circuit court has dismissed an action as untimely filed, we review to determine whether the face of the petition clearly established that the action was barred by the applicable statute of limitations. *Dupree v. Zenith Goldline Pharm., Inc.*, 63 S.W.3d 220, 221 (Mo. banc 2002); *Duncan v. Estate of Booker*, 816 S.W.2d 705, 708–09 (Mo.App.1991). The applicable statute of limitations in this case is found in section 461.300, RSMo Cum. Supp.2009. This statute creates a procedure for a creditor, deemed a "qualified claimant" under section 461.300.10(3), to pursue an action for an accounting. Section 461.300.1 provides that, where claims remain unpaid after the application of the decedent's probate estate, recipients of recoverable non-probate transfers of the decedent's property shall be liable for a pro rata share of the value of the property that they received to satisfy such claims. To enforce this obligation, the decedent's personal representative or a qualified claimant may bring an action for an accounting. Section 461.300.2. The action for an accounting must be commenced within eighteen months after the decedent's death. *Id.*

The Krutzes filed their action for an accounting as claimants against Mulvania's estate on March 18, 2009.[2] They acknowledge that they filed their action almost twenty months after Mulvania died on July 24, 2007, and that the filing was outside of section 461.300.2's time limitation. They argue, however, that the delay in filing their action for an accounting was due to the personal representative's misconduct, in particular, his failing to file the probate estate's inventory statement on time and his deliberately failing to send them a copy of the inventory statement once it was filed. The Krutzes assert that, under these circumstances, it would be unjust to apply section 461.300.2's time limitation to bar them from proceeding with their action for an accounting.

■ Statutes of limitation are favored in the law. *White v. Zubres*, 222 S.W.3d 272, 276 (Mo. banc 2007). Parties cannot avoid the application of statutes of limitation unless they bring themselves strictly within a specific exception. *Id.* Exceptions that suspend or toll the running of a limitations period are enacted by the legislature. *Shelter Mut. Ins. Co. v. Dir. of Revenue*, 107 S.W.3d 919, 923 (Mo. banc 2003). Courts must strictly construe any statutory exceptions to statutes of limitation and are not permitted to enlarge those exceptions, even "upon consideration of apparent hardship." *Butler v. Mitchell–Hugeback, Inc.*, 895 S.W.2d 15, 19–20 (Mo. banc 1995).

Section 461.300.2 contains only one exception to the eighteen-month statute of limitations for commencing an action for an accounting. The exception applies when the personal representative has received a written demand for an accounting, from a qualified claimant, within sixteen months following the decedent's death and

---

**1.** Mulvania's heirs are Eva Jo Van Meter, Doug Van Meter, Mary Van Meter, Judson Van Meter, Kim Fulkerson, Will Fulkerson, and Isabel Fulkerson.

**2.** The record indicates that, almost one year after Mulvania died, the Krutzes filed claims against his estate in which they alleged that they were the victims of attorney malpractice at Mulvania's hands, and that Mulvania's alleged malpractice cost them over $325,000.

fails to commence an action for an accounting within thirty days after receipt of the demand. Section 461.300.2. If the personal representative then further fails to provide qualified claimants with the identity of any recipient of a recoverable transfer, the statute of limitations is tolled for that recoverable transfer until the personal representative provides the required information. *Id.* This exception does not apply to the Krutzes' action.

Section 461.300.2 does not provide for tolling the eighteen-month limitations period in the event that the personal representative fails to file the probate estate's inventory statement on time.[3] Indeed, the filing of the inventory statement is not mentioned at all in section 461.300. If the legislature intended for the timing of the filing of the inventory statement to toll or otherwise affect the statute of limitations for commencing an action for an accounting, it would have said so. It did not, and we cannot now carve out an exception based upon the Krutzes' alleged hardship. *See In re Hoffman,* 23 S.W.3d 646, 650 (Mo.App.2000).

We, therefore, affirm the circuit court's judgment dismissing the Krutzes' action for an accounting as untimely filed.

All concur.

---

**3.** The record indicates that, when the personal representative failed to file the inventory statement on or before its original due date of December 26, 2008, the circuit court, on its own motion, continued the time for filing the inventory statement to January 20, 2009. The personal representative filed the inventory statement on that date.