

# Missouri Court of Appeals
## Southern District
### Division Two

In the Estate of: )
ERNEST WINDERS, JR., )
Deceased, )
)
NADIENE LUCILLE BURFORD, )
)
    Petitioner-Appellant, )
)
v. ) No. SD36733
) Filed: April 2, 2021
LINDA GUSTIN, )
)
    Respondent-Respondent. )

APPEAL FROM THE CIRCUIT COURT OF HICKORY COUNTY

Honorable James A. Hackett, Associate Circuit Judge

**<u>AFFIRMED</u>**

Nadiene Burford (Burford) appeals from the dismissal of her § 461.300 petition for accounting.[1]  Burford presents three points for decision.  In Point 1, Burford contends the statute of limitations contained in § 461.300 did not start to run until she became a qualified claimant, which did not occur until she received an award on her unliquidated claim against the estate of Earnest Winders, Jr. (Decedent).  In Point 2, Burford contends her petition

---

[1]  Unless otherwise indicated, all statutory references are to RSMo (2016).

satisfied the requirement in § 461.300.2 that a qualified claimant make a written demand upon the personal representative before filing an action for accounting. In Point 3, Burford contends "principles of estoppel and equity" require reversal because: (1) the dismissal resulted in a manifest injustice to Burford since her claim against the estate had already been litigated at a cost exceeding the value of the assets of the estate; and (2) the personal representative of the estate could have sought the dismissal of the petition for accounting before trial on Burford's claim against the estate. We affirm the judgment because Points 2 and 3 lack merit, and Point 1 is moot.

## Factual and Procedural Background

Decedent died on August 1, 2015. His will named his daughter, Linda Gustin, as the personal representative of his estate (hereinafter, PR Gustin). The probate division of the circuit court issued letters testamentary to PR Gustin on December 31, 2015. On March 28, 2016, Burford filed two documents: (1) a claim against the estate seeking compensation for domestic and nursing services provided to Decedent; and (2) a petition for accounting (Petition) pursuant to § 461.300.[2] In the Petition, Burford asked the court "pursuant to Section 461.300 for an accounting and obligation of joint account holders and non-probate beneficiaries" as provided by that statute. To support that requested relief from the court, Burford alleged that she was "a claimant with an unliquidated claim for services provided to [D]ecedent" and that the "assets of the Estate of [Decedent] will be

---

[2] An action for accounting brought pursuant to § 461.300.2 "is a procedure by which qualified claimants can recover the value of nonprobate and other recoverable transfers to satisfy unpaid claims." *Estate of Merriott v. Merriott*, 439 S.W.3d 259, 261 n.3 (Mo. App. 2014); *see also* Robert J. Selsor, *Fattening Up the Skinny Estate–The Non-Probate Transfer Statute's Remedies for Pursuing a Decedent's Assets*, 67 J. Mo. B. 286, 288-89 (Sept.-Oct. 2011).

insufficient to pay the costs of administration and the claims allowed against the estate including the claim of [Burford], Claimant." The WHEREFORE clause of the Petition stated:

> [Burford] prays the court for an accounting of any property owned by Decedent which was subject to satisfaction of his debts immediately prior to his death; and any property held in joint tenancy with right of survivorship that was subject to satisfaction of Decedent's debts immediately prior to Decedent's death; and that each recipient thereof shall be liable to the personal representative of the estate of [Decedent] for a pro rata share of the total costs of administration and claims allowed in said estate; and that such recipients be ordered that each shall hold the property so held in trust or the said personal representative to the extent and for the purposes declared in Section 461.300 RSMo.

The Petition contained no allegations asking the personal representative to do anything.

On June 22, 2017, PR Gustin filed a motion to dismiss Burford's Petition. In relevant part, the motion stated:

> 5. Section 461.300.2 RSMo. provides in part that "The obligation of a recipient of a recoverable transfer may be enforced by an action for accounting commenced within eighteen months following the decedent's death by the decedent's personal representative or a qualified claimant, **but no action for accounting under this section shall be commenced by any qualified claimant unless the personal representative has received a written demand therefor by a qualified claimant, within sixteen months following the decedent's death**." [Emphasis in original.]
>
> 6. Such statute clearly requires a separate written demand to occur within sixteen months following the decedent's death – separate from the filing of an action for accounting.
>
> 7. The Personal Representative did not receive the required written demand within sixteen months from the decedent's death.
>
> 8. Accordingly, [Burford's] action for an accounting must be dismissed for failure to provide the required written demand to [PR Gustin].

After receiving suggestions from the parties, the trial court granted the motion to dismiss for the following reason:

1. Section 461.300.2 RSMo. states that "no action for accounting under this section shall be commenced by any qualified claimant unless the personal representative has received a written demand therefor by a qualified claimant…. If the personal representative fails to commence an action within thirty days of the receipt of a written demand to do so, any qualified claimant may commence such action."

2. Prior to filing an action for accounting under § 461.300 RSMo. the claimant must make a written demand to the Personal Representative. The claimant must then wait at least thirty days after the personal representative receives the written demand before he or she files an action.

3. The Claimant in this case has not plead, with sufficiency, compliance with the necessary precondition of a written demand of the Personal Representative within the meaning of § 461.300 RSMo. prior to the filing [of] her own action for accounting. The Court believes it is left with no option but to grant the Motion to Dismiss.

The trial court also entered an award in Burford's favor on her class six quantum meruit claim in an amount larger than the value of the estate. Burford has appealed from the dismissal of her Petition for accounting.

## Standard of Review

All of Burford's points involve the interpretation and application of § 461.300.2. These are questions of law, which we review *de novo* without giving any deference to the trial court's rulings. *See Interest of K.A.W.*, 593 S.W.3d 99, 102 (Mo. App. 2020); *Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, 606 S.W.3d 193, 202 (Mo. App. 2020). For ease of analysis, we will address the points out of order.

## Discussion and Decision

*Point 2*

In Point 2, Burford argues that the trial court's dismissal was erroneous because the Petition:

satisfied the requirement of Section 461.300 RSMo. that the personal representative receive written demand because written demand means a

4

claim made in writing and the title of the pleading alone or the full document [was] a clear demand under Section 461.300 RSMo. and thereafter the personal representative in this case failed to begin a recovery action or to provide material information required by this statute so that the tolling provisions in the statute were in effect through the [trial] court's dismissal.

This argument lacks merit because it ignores the plain language of the statute. In relevant part, § 461.300 states:

> The obligation of a recipient of a recoverable transfer may be enforced by an action for accounting commenced within eighteen months following the decedent's death by the decedent's personal representative or a qualified claimant, *but no action for accounting under this section shall be commenced by any qualified claimant unless the personal representative has received a written demand therefor by a qualified claimant, within sixteen months following the decedent's death. If the personal representative fails to commence an action within thirty days of the receipt of a written demand to do so, any qualified claimant may commence such action.* If the personal representative fails to commence the action, the personal representative shall disclose to the qualified claimant or qualified claimants who made such written demand all material knowledge within the possession of the personal representative reasonably relating to the identity of any recipient of a recoverable transfer made by the decedent. In the event the personal representative fails to provide such information with respect to any recoverable transfer of the decedent's property to the personal representative, the eighteen-month limitation is tolled for such recoverable transfer until such time as the personal representative provides such information. In the event the personal representative is alleged in a verified pleading to be a recipient of a recoverable transfer from the decedent, the court may appoint an administrator ad litem to represent the estate in any proceeding brought pursuant to this section. Sums recovered in an action for accounting under this section shall be administered by the personal representative as part of the decedent's estate.

§ 461.300.2 (italics added). The procedure set out in the statute is plainly stated. Before a qualified claimant can commence an action for accounting, he or she must first make a timely written demand upon the personal representative to do so. This first step in the process is necessary because the personal representative of an estate is required to "collect all money and debts of every kind due to the decedent, and give receipts and discharges therefor, and … commence and prosecute all actions which may be maintained and are

5

necessary in the course of his administration, and defend all actions brought against him."
§ 473.270; *Sullivan v. Carlisle*, 851 S.W.2d 510, 515 (Mo. banc 1993) (this section of the probate code authorizes the personal representative to commence and prosecute those actions which may be maintained). A qualified claimant cannot commence his or her own action for accounting unless the personal representative fails to do so within 30 days of receiving the timely written demand. *See* § 461.300.2; *Blackwood, Langworthy & Tyson, LLC v. Knipp*, 571 S.W.3d 108, 115 (Mo. App. 2019) (a qualified claimant may only bring an action for accounting "after making a written demand of the personal representative who thereafter fails to initiate such action"). Here, Burford's Petition asked the trial court for an accounting. The Petition was directed to the trial court and asked the judge to grant the requested relief. There is no other reasonable way to describe that filing. Because the Petition was filed before Burford made a timely written demand upon PR Gustin to commence an action for accounting, the trial court correctly dismissed the Petition.

Burford argues that we should treat the Petition as the written demand, but we cannot do so in light of the plain language in § 461.300.2. This subsection of the statute states that a qualified claimant cannot bring an accounting action unless: (1) he or she made a timely written demand upon the personal representative to file an action for accounting; and (2) the personal representative failed to do so within 30 days. Burford's argument improperly collapses that two-step process into one step. We cannot treat the Petition as a written demand because it was not directed to the personal representative and did not ask PR Gustin to commence an action for accounting.

We are not the first appellate court to reach this conclusion. ***In re Estate of Lorenz***, 873 N.W.2d 396, 402-03 (Neb. 2016), involved Nebraska statute § 30-2726. In relevant part, this statute stated:

> (a) If other assets of the estate are insufficient, a transfer resulting from a right of survivorship or POD designation ... is not effective against the estate of a deceased party to the extent needed to pay claims against the estate....
>
> (b) A surviving party or beneficiary who receives payment from an account after death of a party is liable to account to the personal representative of the decedent for a proportionate share of the amount received to which the decedent, immediately before death, was beneficially entitled under section 30-2722, to the extent necessary to discharge the amounts described in subsection (a) of this section remaining unpaid after application of the decedent's estate. A proceeding to assert the liability for claims against the estate ... may not be commenced unless the personal representative has received a written demand by ... a creditor.... The proceeding must be commenced within one year after death of the decedent.

Neb. Rev. Stat. § 30-2726. In ***Lorenz***, the issue before the Nebraska Supreme Court was whether the filing of claims against the estate and a petition for allowance of those claims constituted a "written demand" upon the personal representative pursuant to § 30-2726. ***Lorenz***, 873 N.W.2d at 403. The Court held that the petition was not a "written demand" because it "made no demand of [the personal representative] to initiate such proceedings." ***Id***. at 404.

We reach the same conclusion here. Burford's Petition asked the court to conduct an accounting. It was not directed to PR Gustin and contained no demand that she commence an accounting action. We cannot accept Burford's argument without rendering meaningless the inclusion of the phrase "written demand" in § 461.300.2. *See **Missouri State Conference of Nat'l Ass'n for the Advancement of Colored People v. State***, 607 S.W.3d 728, 733 (Mo. banc 2020) (the legislature is not presumed to enact meaningless provisions). If the commencement of the accounting suit itself served as a "written

7

demand," the legislature would not have stated that "no action for accounting under this section shall be commenced by any qualified claimant unless the personal representative has received a written demand therefor by a qualified claimant" since the filing of a petition for accounting would *ipso facto* be the "written demand" required by statute. There would be no need to make a written demand upon the personal representative to commence an action for accounting because the filing of the qualified claimant's own action for accounting would operate as the "written demand." We conclude that Burford's Petition was not a "written demand" made to the personal representative, as required by § 461.300.2. Therefore, the trial court properly dismissed Burford's Petition because it was not preceded by a timely written demand to PR Gustin, as required by the statute. Point 2 is denied.

*Point 1*

In Point 1, Burford argues that the trial court erred in dismissing her Petition for accounting because the time limits in § 461.300.2 should not have started to run until Burford's claim against the estate was allowed. Given our disposition of Point 2, this point is moot and does not need to be addressed. Burford filed her Petition before making the required written demand upon PR Gustin. Based on the plain language of § 461.300.2, dismissal of the Petition was required. The timing of when Burford became a "qualified claimant" does not affect that analysis. Point 1 is moot.

*Point 3*

In Burford's final point, she requests a reversal even if the dismissal of her Petition for accounting was required for the reasons stated above. Burford argues that principles of estoppel and equity require reversal because PR Gustin could have sought dismissal before

8

the trial on her claim against the estate. Once again, Burford is asking us to ignore the two-step, written-demand procedure plainly stated in § 461.300.2. Because that subsection contains no exception to the running of the time limits therein based upon principles of estoppel or equity, we cannot create one.

*Krutz v. Meter*, 313 S.W.3d 138 (Mo. App. 2010), is directly on point. There, the issue was whether the claimants' action for accounting could be treated as timely filed, even though the time limit in § 461.300.2 had expired. The claimants argued that the delay in filing the action for accounting was due to the personal representative's misconduct by not sending a copy of the estate's inventory statement on time. The claimants argued that it would be unjust to apply the time bar in § 461.300.2 under such circumstances. *Id*. at 139. The western district of this Court found no merit in that argument for the following reasons:

> Statutes of limitation are favored in the law. Parties cannot avoid the application of statutes of limitation unless they bring themselves strictly within a specific exception. Exceptions that suspend or toll the running of a limitations period are enacted by the legislature. Courts must strictly construe any statutory exceptions to statutes of limitation and are not permitted to enlarge those exceptions, even "upon consideration of apparent hardship."

> Section 461.300.2 contains only one exception to the eighteen-month statute of limitations for commencing an action for an accounting. The exception applies when the personal representative has received a written demand for an accounting, from a qualified claimant, within sixteen months following the decedent's death and fails to commence an action for an accounting within thirty days after receipt of the demand. Section 461.300.2. If the personal representative then further fails to provide qualified claimants with the identity of any recipient of a recoverable transfer, the statute of limitations is tolled for that recoverable transfer until the personal representative provides the required information. This exception does not apply to the [claimants'] action.

> Section 461.300.2 does not provide for tolling the eighteen-month limitations period in the event that the personal representative fails to file

9

the probate estate's inventory statement on time. Indeed, the filing of the inventory statement is not mentioned at all in section 461.300. If the legislature intended for the timing of the filing of the inventory statement to toll or otherwise affect the statute of limitations for commencing an action for an accounting, it would have said so. It did not, and we cannot now carve out an exception based upon the [claimants'] alleged hardship.

*Id*. at 139-40 (citations and footnote omitted). We agree with the western district's analysis of this issue and reach the same conclusion here. To allow a qualified claimant to bypass the written-demand requirement of § 461.300.2 would be contrary to the legislature's intent, as expressed in that statute. It contains no exception allowing us to apply principles of estoppel or equity to excuse noncompliance with the written-demand requirement. Point 3 is denied.

The trial court's judgment is affirmed.


JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR